CASE 61—PETITION ORDINARY—JAN. 14.

# Clore, etc. v. Robinson.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. BREACH OF CONTRACT—DAMAGES—NOTICE OF SALE TO ANOTHER.— Where one refuses to accept goods which he has purchased, the owner thereof may without notice to him sell the same to another at the best price he can get, and may recover from the purchaser the difference between what he so received, after proper effort, and what he would have received therefor from the purchaser at the contract price.

B. B. & R. D. VANCE FOR APPELLANTS.

1. There was no definite or actual refusal of appellants to receive the logs or any part of them.
2. Appellants were all the time ready and willing to receive and pay for the logs, other than oak, while damages are allowed for all.
3. The logs for failing to receive which, damages are allowed, were other than those contracted to appellants.
4. Appellants were entitled to notice of the re-sale, before they could be held for the loss resulting therefrom.  (2 Kent p. 504; Sands v. Taylor, 5 John, 395; Story on Contracts, sec. 812; Story on Sales, sec. 436; Sedgwick on Damages (S. P.), 281. and notes.  Mallory v. Ford, 29 Barb., 454; Sutherland on Damages, Vol. 2, p. 359 and 2d Ed., Vol. 2, sec. 647; Tiedman on Sales, sec. 334; Benjamin on Sales (Corbin ed.), pp. 1013 and 1023; Pollen v. LeRoy, 30 N. Y., 549; Smith v. Pettee, 70 N. Y., 13; Amer. & Eng. Enc. of Law, Vol. 21, p.595 and notes; Schouler's Personal Property, Vol. 2,551; Addison on Contracts, sec. 593; Cook v. Brandeis & Crawford, 3 Met., 556; Bell v. Offutt, 10 Bush, 632.)

WILFRED CARRICO FOR APELLEE.

1. It is not necessary to give the vendee who refuses to receive goods bought by him notice of the re-sale of them by the vendor in order to charge him with the difference between the contract price and that realized at the re-sale. It is only necessary to show that at the re-sale the property was sold for a fair price. (Sedgwick on Damages, 3d Ed., side page 281; Cort v. R. R. Co., 17, C. B., 127; Amer. & Eng. Enc. of Law, vol. 21, pp. 599 and 601, and notes; Pollen v. Leroy, 30 N. Y., 549; Sutherland on Dam-

Clore, etc., v. Robinson.

ages, Vol. 2, p. 360; Cook v. Brandeis, 3 Met., 555; Guist v. Williams, 32 Amer. St. Rep., 782; Waples & Co. v. Oneraker & Co., 19 Amer. St. Rep., 727.)

*z.* Even if the notice had been necessary, the appellants in effect waived the notice by directing appellee to re-sell the property to others.

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT:

In May, 1893, appellee Robinson sold to appellants F. L. Clore & Co., all saw logs cut from a certain class or description of timber growing upon a certain tract of land at fixed prices, the logs to be delivered on the cars at the mill of the latter. After receiving a portion of the logs appellants declined to receive any others, and at their instance appellee agreed to stop cutting upon condition they 'would receive all up to that time cut and placed at the railroad station, whence they were to be shipped to the mill of appellants. But afterwards appellants refused absolutely to receive them, and then appellee brought this action to recover the difference in amount at which he had sold those remaining logs to other parties and the amount to which he was entitled at the prices agreed on between him and appellants.

A jury having been waived and the law and facts submitted to the court, we must accept its finding, supported as it is by evidence, to be true. Indeed there is no objection made by counsel to the correctness of that finding of facts, but the principal ground for reversal relied upon is that appellee sold the logs to another party without first giving to appellants notice of his intention to do so. The material inquiry in all such cases is whether the seller, after the refusal of the pur-

chaser to receive personal property according to contract, made due effort to sell at the best attainable price, and did in fact sell at the best price that could by reasonable effort be obtained, and if so it is certainly not indispensable and hardly material or necessary that he should have given previous notice to the purchaser. Courts in some of the States do hold such notice to be requisite in order to entitle the seller to recover the difference between what he sold the property for and what it would have amounted to at the contract price, but such has never been the announced doctrine of this court.

Nor do we now see any reason for holding the notice to be a prerequisite to recovery where the purchaser has abandoned the property to destruction or decay, and but for the voluntary act of the seller, who might have also abandoned it, a total loss to the former, not to the latter, would have resulted.

The lower court not only found as a fact in this case that appellee sold the logs in question at the best price he could obtain for them after due effort, but found and determined, as we think correctly, that appellant by a written communication to appellee waived notice of such sale.

The point made by counsel that it does not appear all the logs were cut from the particular tract of land in contemplation of the parties can not avail, because there was an agreement by appellants in consideration of forbearance of appellee to cut more logs to take those already at the railroad station.

Judgment affirmed.