ARKANSAS & TEXAS GRAIN COMPANY *v.* YOUNG & FRESCH GRAIN COMPANY.

Opinion delivered July 9, 1906.

1. SALE—VENDOR'S WAIVER OF VENDEE'S BREACH.—Where, in the purchase of a carload of corn to be delivered to a railroad company for transportation to the vendee, the vendor's liability was to cease when the corn was delivered in good condition to the carrier, the fact that the vendee was granted permission to inspect the corn at destination

before accepting it did not include the right to reject the corn because it was heated after delivery to the carrier, nor amount to a waiver of the vendor's right to claim damages for wrongful rejection of the corn.   (Page 605.)

2.  SAME—RESALE—WAIVER OF BREACH.—The fact that, after the vendee of a carload of corn rejected the corn, the vendor's agent resold the corn to the vendee at a reduced price did not waive the vendor's right to claim as damages the difference between the contract price and the price paid. (Page 605.)

3.  SAME—BREACH—NOTICE OF INTENT TO RESELL.—If a vendor, before reselling goods wrongfully rejected by his vendee, be required to give the latter notice of his intention to resell and hold the latter liable for the difference in price, the vendee·can not claim to have been injured if the resale was made to him.   (Page 605.)

Appeal from Miller Circuit Court; *James S. Steel,* Judge, on exchange of circuits; affirmed.

*L. A. Byrne,* for appellant.

1.   When appellee gave permission to inspect the corn before receiving it, this conferred the right to reject it; and if the right to inspect did not exist under the original contract of purchase, but was subsequently given, it was a waiver of the original contract.

2.   When the appellee's manager came to Texarkana, took possession of and resold the corn, appellee was thereby estopped to assert this claim.

3.   It was appellee's duty, before it could hold appellant for any balance after reselling the corn, to notify appellant of its intention to deal with the corn in this way.   53 Ark. 155; 2 Benjamin on Sales, Rev. Ed. 1023; 48 Mich. 224; 28 Ind. 365; 45 Ill. 76; 82 Ill. 524; 57 Ark. 266.

*W. H. Arnold,* for appellee.

RIDDICK, J.   This·is an appeal by the Arkansas & Texas Grain Company from a judgment rendered against it in favor of the Young & Fresch Grain Company for damages for breach of a contract to purchase two carloads of corn.   The corn was shipped from St. Louis to defendant at Texarkana.   The defendant, on arrival of the corn at Texarkana, refused to accept it·unless first allowed to inspect it.   This permission was granted, and defendant, after inspecting the corn, rejected it.   Thereupon

plaintiff sent an agent from St. Louis, who took charge of the corn and resold it to defendant for a lower price, defendant having offered the best price that could be obtained in that market. But the corn had become heated and injured after shipment, and by reason of the refusal of defendant to accept, and the consequent delay, the corn had sustained further injury, and the price received was below the contract price, and plaintiffs brought this action to recover the difference. The case was submitted to the court sitting without a jury, and he found that the corn was of the kind ordered by defendant, and that it was in good condition at the time it was delivered to the railway company in St. Louis. The court further found that one of the conditions of the sale was that the liability of the plaintiff to defendant should cease when the corn was delivered in good condition to the railway company for transportation to Texarkana, and that by the terms of the contract the plaintiff was not responsible for the heating of the corn after delivery to the carrier. He therefore found in favor of plaintiff, and gave judgment against defendant for the sum of $180.

The evidence was sufficient to support the finding made by the court, which, like the verdict of a jury, is conclusive on all questions of fact upon which the evidence is conflicting. Nor do we find any error of law that requires a reversal of the judgment. The contention of appellant that the permission to inspect the corn included the right to reject can not be sustained. Plaintiff granted the right to inspect after the corn had already arrived at Texarkana because defendant refused to accept unless inspection was granted. This was done in an effort to induce defendant to accept the corn, and did not amount to a waiver of the right of plaintiff to claim damages for wrongful rejection. *Riendeau* v. *Bullock,* 147 N. Y. 269-275.

Neither did the fact that the agent of plaintiff came down to Texarkana and resold the corn to defendant amount in itself to a waiver of that right. It was his duty to obtain the best price possible; and as the best offer came from defendant, plaintiff did right in accepting the offer. The circumstances in proof justified the circuit court in finding that there was no waiver by plaintiff of the original contract, nor of its right to seek damages for breach of the contract. *Riendeau* v. *Bullock,* 147 N. Y. 269;

*Lewis* v. *Greider,* 51 N. Y. 237; *Moore* v. *Potter,* 155 N. Y. 481; Benjamin on Sales (Bennett's Ed.), 826. As the resale of the corn was made to the defendant company, there was no necessity to give formal notice of the intention to resell. Under such circumstances the defendant could be in no way injured by the want of such notice. Benjamin on Sales (Bennett's Ed.), p. 826; *Holland* v. *Rea,* 48 Mich. 218; *Clore* v. *Robinson,* 38 S. W. 687.

On the whole case, we are of the opinion that the judgment should be affirmed, and it is so ordered.