GRAVES *v.* MELIO.

Opinion delivered January 7, 1907.

SALE—BREACH—WAIVER.—Where a vendee commits a breach of contract of sale by refusing to receive the goods bought at the price agreed, the vendor will not be held to have waived such breach by selling a portion of the goods to the vendor at the highest price he would pay for them.

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; affirmed.

Melio brought suit against Graves and Solomon, alleging that, on January 1, 1905, he entered into a verbal contract with

defendants to deliver to them, at their place of business in the city of Helena, during the months of February and March following, 400 bushels of potatoes at the price of $1.10 per bushel, and to make the deliveries at such times and in such quantities as defendants should direct him; that pursuant to said contract, he delivered to defendants, between the 1st day of February and the 15th day of March, 136 bushels, and that on said last named day defendants failed and refused to receive any further amounts of the potatoes, and notified him that they would not receive any further deliveries under the contract. That he was, at all times during the period of the contract, ready and willing to perform fully his part of the contract, but that he was prevented from doing so by reason of the failure and refusal of defendants to receive the potatoes when tendered to them. That, after such failure and refusal on the part of defendants, he went out into the market and used his best endeavors to sell the balance of the 400 bushels, which he had contracted to sell defendants, and that he did sell 119 bushels to local merchants, 104 bushels of which he was compelled to sell at $1.00 per bushel. That, although he used due diligence to dispose of said potatoes, he was unable to do so, and that, at the expiration of the time for delivery of same, he had 145 bushels in good condition, which, through no fault of his, rotted and became utterly worthless, thereby damaging him in the sum of $159.50, for which he prayed judgment, together with the further sum of $10.40, his loss by reason of the reduced price at which he was compelled to sell 104 bushels.

Defendants answered, admitting the making of a verbal contract whereby plaintiff agreed to deliver to them at various times after January 1, 1905, as they should be needed, 400 bushels of sweet potatoes at the price named, but they denied that on the 5th day of March, 1905, or on any other day they refused to receive any further deliveries of potatoes. They denied that all times after the time alleged in the complaint the plaintiff was ready and willing to deliver said potatoes in the manner agreed upon, and denied that he was prevented from performing fully the terms of the contract by reason of the failure of and refusal of the defendants to receive said potatoes, and further denied that said potatoes were tendered them. They denied that said plaintiff disposed of any potatoes to any merchant whatever after the last

installment of potatoes were received by them, and denied that the plaintiff used any diligence whatever to dispose of the said potatoes. They denied that, at the expiration of the time for the delivery of said potatoes to defendants according to contract, he had in his possession 145 bushels of potatoes in good condition. They denied that they failed to comply with their contract and that plaintiff was damaged in the sum of $159.50 on account of their failure to comply with said contract and the additional sum of $10.40 resulting from the reduced price at which he was compelled to sell said potatoes. They denied that he was damaged in any sum whatever. Wherefore defendants prayed they go hence with their reasonable costs.

The court refused to give the following instruction asked by defendant:

"2. You are instructed that if you find from the evidence that 400 bushels of potatoes were to be delivered in the months of February, March and April, and that in the month of March before the delivery of the 400 bushels, and after only 136 bushels had been delivered, there was a refusal on the part of the defendants to receive any more potatoes, such a refusal was a breach of contract. However, if after such breach the plaintiff continued to deliver potatoes, and the defendants to receive them, without objection, then this amounts to a waiver of the breach; and if the defendants continued to receive the potatoes until the plaintiff refused to further deliver them, without objecting to the size or amount delivered, you will find for the defendants."

There was a verdict for plaintiff, and defendants have appealed.

*Bevens & Mundt,* for appellants.

1. It appears from the evidence that on various dates after the alleged breach of contract appellee delivered to, and appellants received, the potatoes in quantities and at practically the same price as previously. There was no ground here to claim breach of the contract. Fed. Cas. No. 8911. A party who, with knowledge of fraud or other grounds of revocation in his favor, permits the other party to the contract to proceed with the performance is considered to have waived his rights. 6 N. W. 1014; 29 Am. & Eng. Enc. of L. 1106; 4 McLean, 530; 10 Ala. 776; 3

La. Ann. 285; 103 Mich. 607; 55 N. Y. Sup. Ct. 173; 1 Rob. 325.

2.  Before the contention can avail that deliveries made after the date of the alleged breach of contract were made in the course of trade and without regard to the old contract, it must be clearly shown that appellant had notice of appellee's intention to rescind contract, unless by the terms of the contract such notice was unnecessary.   137 U. S. 78; 88 Ky. 303; 118 N. C. 737; 29 Am. & Eng. Enc. of L. 1103; 14 Ala. 9; 81 Ind. 350; 151 Mass. 207; 115 N. Y. 387; 8 Jones (N. C.), 211; 10 Humph. (Tenn.), 577.

*R. W. Nicholls* and *W. G. Dinning,* for appellee.

1.  The issues as to the breach of contract and the amount of damages resulting from the breach were fairly submitted to the jury under proper instructions of the court.   The rule is firmly established that this court will not disturb the verdict of a jury where there is evidence to support it.

2.  The contention that appellee waived the breach by selling to appellants afterwards was not made an issue below, and can not be raised here for the first time.   96 S. W. 993.   There was no error in refusing appellant's instruction No. 2.   The law requires appellee, after appellant's refusal to receive more potatoes under the contract, to go into open market and sell them to the best advantage, in order to reduce the damages arising from the breach.   That he sold part of them to the appellant in this manner did not amount to a waiver.   96 S. W. 142.

*Bevens & Mundt,* for appellants in reply.

1.  This court will not hesitate to reverse where the verdict is contrary to the evidence, or where it is not legally sufficient to sustain the verdict.   21 Ark. 468; 24 Ark. 224; 13 Ark. 71; 8 Ark. 155; 10 Ark. 309; 5 Ark. 640.

2.  The allegation in the answer that there was a continuance of the delivery after the alleged breach was sufficient to raise the issue of waiver.   If the issues joined are such as necessarily require proof of facts not specifically set out, such omission is cured by verdict.   2 Ark. 212.   Pleadings will be considered as amended to conform to the facts as proved.   76 Ark. 468; 65 Ark. 422; 76 Ark. 551; 62 Ark. 262; 75 Ark. 176; 67 Ark 426; 80 Ark. 74; 78 Ark. 47.

WOOD, J.  The only questions presented for our consideration are:

First.  Whether or not there was a breach of contract by appellants?

This question was properly submitted to the jury, and, while the evidence tending to show a breach is not very satisfactory to us, we are of the opinion that there was legally sufficient evidence to sustain the verdict.

Second.  Appellants contend that, if there was a breach of contract by the appellants, such breach was waived by appellee. And on this theory of the case they presented prayer for instruction number 2, and urge that the refusal of the court to give it was error for which the judgment should be reversed.

The court did not err in refusing this prayer for instruction.  Under the pleadings and proof there was no question of a waiver of a breach of the contract by appellee in the case.  The only issue presented was whether or not there had been a breach of the contract.  No objection is made here to the charge of the court as given.  But if the question of waiver was an issue in the case, still the prayer asked was erroneous under the proof, because, if there was a breach of contract by appellants in refusing to receive the potatoes from appellee, then the fact that appellee after such breach continued to deliver, and appellants to receive, potatoes until appellee refused further to deliver was not a waiver.  It was the duty of appellee, if there was a breach of the contract by appellants, to dispose of the potatoes he had on hand after and by reason of such breach for the best price obtainable and in the most expeditious manner possible in the exercise of reasonable care, and it was no waiver because, in the disposition of the potatoes he had on hand, he continued to let appellants have potatoes without objecting to the size of the amount that appellants were receiving.

If appellants had breached the contract, they had no right to suppose that appellee, by thereafter delivering them potatoes, was waiving any of his rights under the contract.  Such conduct would, rather than otherwise, tend to show an intention on the part of the appellee to insist on his rights under the contract.

If the question of waiver were applicable, the doctrine of this court in *Arkansas & Texas Grain Co.* v. *Young & Fresch*

*Grain Co.,* 79 Ark. 603, would show the unsoundness of the rejected prayer.

Judgment affirmed.