8 W 239
29 SC 469

## Andrews *against* Hoover.

In an action upon a contract for the delivery of lumber at a particular place for a stipulated price, which the purchaser refused to pay, the measure of da-- mages is the ·difference between the price contracted to have been paid and the value of the lumber when it ought to have been accepted; and although a resale is a convenient and often a satisfactory means of ascertainment, it is not the only one, and the jury are not bound by it when they can find another more in accordance with the justice of the case. '

ERROR to the common pleas of *Clearfield* county.

Jacob Hoover against William J. B. Andrews. This was an action of covenant upon an agreement, by which the plaintiff was to deliver a certain quantity of timber at Middletown for a certain stipulated price, to be paid at the time of delivery.· The timber wa̜s delivered at the time and place, but the defendant refused to accept or pay for it, alleging that it was not in quality what he had contracted to pay for. Upon the defendant's refusal to accept the timber, the plaintiff ran it further down the river and sold it for a less price than the defendant had contracted to pay him for it. There was parol evidence given to the jury as to the quality of the timber by each party, and the court (Burnside, president) thus instructed the jury.

" The suit is for damages. If the timber was such as Hoover was bound to deliver, then the plaintiff is entitled to recover damages: he had sustained an injury by the refusal of Andrews to accept the timber and pay for it. Did his selling it afterwards and running it to a different market, destroy that right of recovery? We . think it did not. If Hoover made the most of the timber, he had a right to do so, and if he *bona fide* sold it to the best advantage of all concerned, and the timber was such as it should have been by the written agreement, the proper measure of damages will be the difference between the contract and the sale. You are not bound to this rule of estimation, if you can find another more in accordance with the justice of the case."

*Blanchard,* for plaintiff in error, contended that the instruction of the court as to the measure of damages was erroneous, and cited 1 *Salk.* 113; 6 *Taunt.* 346; 4 *Barn. & Ald.* 392.

*Smith, contra,* cited 5 *Serg. & Rawle* 32; 3 *Penn. Rep.* 96.

PER CURIAM.—The jury is bound by a measure of damages

[Andrews v. Hoover.]

where there is one, but not always by a particular means for its ascertainment.   Now the measure, in a case like the present, is the difference between the price contracted to have been paid and the value of the thing when it ought to have been accepted; and though a resale is a convenient, and often a satisfactory means, it does not follow that it is, nor was it said, in Girard *v.* Taggert, to be the only one; on the contrary, the propriety of the direction there, that the jury were not bound by it if they could find another more in accordance with the justice of the case, seems to have been admitted—the very thing complained of here.   Now, whatever be the fairness of a public sale as a test of value, it is obvious that a private one for account of a prior vendee is less so, inasmuch as the vendor has no motive to press for the highest price.   Still, however, if the direction were wrong, the plaintiff, instead of being injured, was benefitted by it; for if the price of the sale had been taken for the value, the plaintiff would have recovered much more.   It is said that, if the defendant's rule had been laid down, the jury might have given nothing; but there is at least a legal presumption that they would have done their duty by obeying the direction, and as we sit here only to redress actual injury, the plaintiff, on his own showing, has no ground of complaint.

Judgment affirmed.