## M'Combs *against* M'Kennan.

A parol agreement by one party to a covenant to waive the performance of a certain part of the covenant by the other party, is not such an alteration of the contract as will render necessary a change in the form of action upon it.

Upon a contract to deliver a specific article at a particular time and place upon the payment of the price, if the article be delivered, and the price be not paid, the party delivering it may remove it, and sell it to another, and charge the party failing to pay with the difference in price, as a measure of damages; and under such circumstances, the receipt of money after the time for delivery by the party delivering, on account of the contract, will not preclude him from recovering da-mages.

ERROR to the District Court of *Allegheny* county.

James M'Kennan against George M'Combs. This was an ac-tion of covenant upon an agreement, by which the plaintiff bound himself to deliver to the defendant 200 bushels of clover-seed, at the borough of Indiana, or at the city of Pittsburgh, or 100 bush-els at one place and 100 at the other, on or before the 1st of Feb-ruary 1839, for which the defendant covenanted to pay $15 per bushel at the time of delivery. The proof was that after the plaintiff had delivered 55 bushels of the seed at a warehouse *in* Pittsburgh, the defendant agreed to accept the residue at Indiana, and the same was delivered there by the plaintiff within the time stipulated. On the 29th January 1839, the defendant paid $75, and on the 14th February 1839, $72.50 on account, and failing to make further payment, the plaintiff removed the seed on the 14th February 1839, and sold it to another person for about $11.50 a bushel, and brought this action to recover damages.

DALLAS, President, thus stated the questions raised by the defend-ant, and instructed the jury upon them.

1. It is said that there has been such a modification of the writ-ten contract by the subsequent waiver of the defendant as to the delivery of the 100 bushels at Pittsburgh, as will not enable the

[M'Combs v. M'Kennan.]

plaintiff to maintain the present form of action founded upon the sealed contract.

A tender or an offer to deliver an article under a contract is always for the benefit of the party to whom it is to be made, and may be waived or rendered unnecessary by him; and by the special count filed in the present case, this waiver as to the delivery is set forth. The answer to the objection raised by the defendant to the present form of action is found in the case which he has cited, 2 *Watts* 57; " There is a substantive difference," says C. J. Gibson, "between an alteration of the plaintiff's stipulations, being but conditions precedent to the action, and those of the defendant, on which it is directly founded. The performance of the first may be waived before the day, so as to entitle the plaintiff without more, to an action on the defendant's covenants." Upon this point, therefore, the court cannot charge as requested by the defendant.

2. It is contended " that the removal of the clover-seed on the 14th February 1839, amounted to an abandonment of the contract on the part of the plaintiff, who on that account cannot recover."

The plaintiff, if the testimony of the witnesses is credited by the jury, appears through his agent to have done all that could have been reasonably expected or legally required. He kept the seed waiting the compliance by the defendant of his stipulation to pay, for two weeks; the article began to fall in price; the defendant alleges his inability to comply with his agreement, and the plaintiff, who was certainly not bound to wait indefinitely the leisure or the ability of the defendant, disposed of it elsewhere. His doing so, under the circumstances detailed by the witness, would not preclude his right to receive damages consequent upon the failure of the defendant to pay at the time stipulated.

3. It is certainly true that when covenants in an agreement are dependent or concurrent, the plaintiff must aver and prove performance, or an offer to perform the covenants on his part. This *offer* to deliver, upon the payment of the $15 per bushel, has, if the evidence be believed, been fully shown; and in that respect, therefore, the plaintiff has brought himself within the rule of law.

4. Under the pleadings in this case, the jury would be authorized (did they believe the testimony warranted them in so doing) to certify a balance in defendant's favour. Such a finding, however, could only be had in the present case, by the adoption on the part of the jury of an entirely different view of it, from that entertained by the court; and this is said without intending to interfere at all with the province of the jury in passing upon the credit of witnesses wholly unimpeached.

5. The receipt of money upon the contract by the agent of the plaintiff before the 1st of February, and subsequently, it is contended, precludes the recovery of damages in this case.

The willingness of the plaintiff to take all he could get on the

II. — 28      T

contract, furnishes no reason why he should not insist upon its full and perfect performance by the defendant; whilst it goes far to show a recognition on the part of the defendant, that, so far as the delivery of the seed was concerned, every thing had been done that he desired or could require. Because the plaintiff received $75 on account of the contract, after the day had passed for payment of the whole, it does not follow that he loses all remedy for damages for not paying the balance as stipulated.

The plaintiff has exhibited his items of claim, giving certain credits on account of payments made by the defendant. This statement the jury will take with them. The measure of damages, should any be found, will be the difference between the contract price of seed, and the price it subsequently sold for, as proven by Hays, provided that sale was made *bona fide*, to the best advantage of all concerned; by this rule the jury are not bound, if they can find another more in accordance with the justice of the case.

*Mahon*, for plaintiff in error.
*Van Amringe*, for defendant in error.

The opinion of the Court was delivered by

Sergeant, J.—The first error assigned is in the answer of the court, that under the evidence the action might be maintained on the sealed contract. The defendant contends that the contract had been subsequently varied by the agreement of the parties, that the residue of the seed should be delivered at Indiana instead of Pittsburgh; and therefore the plaintiff's action should have been *assumpsit* on the new contract, and not covenant on the original one. We think, however, the true principle is stated in the charge of the court, that this was not so much an alteration of the original contract, as a waiver or dispensation on the part of the defendant, of certain things to be done by the plaintiff, which were conditions precedent to be performed by him. If a party agrees to accept the thing to be delivered at another time or place than that stipulated, a performance of this by the other party *is* equivalent to a performance of the original undertaking. It imposes no new duty on the defendant; he merely accepts as performance by the plaintiff that which would not otherwise have been so; and the defendant's liabilities on the original contract remain the same.

The second error assigned is in the charge of the court below, that the removal of the clover-seed did not amount to an abandonment of the contract, and in *not* fully answering said point. The removal of the clover-seed, after the defendant had failed to comply with his bargain, was no abandonment of the contract by the plaintiff. He was not bound to keep it where it was, and let it perish, or wait the rise and fall of the markets. If he took it

[M'Combs v. M'Kennan.]

away for the benefit of all concerned, for the purpose of fairly selling it for the best price that could be got for it, it was no more than he had a right to do, and was perhaps incumbent on him to do, as the defendant had shown his inability or indisposition to receive it on the terms stipulated.

The third error assigned is, in the statement of the court, that the receipt of money on the contract before and after the 1st of February, did not preclude the recovery of damages. If the defendant has violated his contract to the injury of the plaintiff, his partial payments of small sums of money, before or after the time when the contract was broken, cannot take away this right of the plaintiff to indemnity, unless there was some stipulation or agreement by the plaintiff at the time of payment that it should have that effect, or the plaintiff accepted the money on that condition, and gave up his claim to damages. Of this there was no proof, and therefore all the defendant could claim was a credit for these sums in the settlement of the damages, which he appears to have received.

The fifth error is in stating that the measure of damages would be the difference between the contract price of seed and the price it subsequently sold for. To this, however, the court added, provided that sale was made *bonâ fide* and to the best advantage of all concerned, and that the jury are not bound by this rule, if they can find another more in accordance with the justice of the case. And this appears to be the same kind of direction which was given in the case of *Andrews* v. *Hoover*, (8 *Watts* 239), and approved by this court; and also in *Girard* v. *Taggart*, (5 *Serg. & Rawle* 32). A re-sale is a usual mode to ascertain the difference between the contract price and the value of the article when the vendee refuses to accept it. But it is not the only mode, nor even when it takes place, is it decisive. The jury may, as was the case here, have evidence of other kinds to show the value, and are to judge in the best manner they can from the whole case. The law lays down no one mode as the exclusive one for settling the value of an article in market, at or about a given time; it is a matter to be left to the jury on the evidence, and that seems to be the principle of the cases.

Judgment affirmed.