## Moody v. McTaggart, Appellant.

*Contract—Sale—Repudiation—Damages—Freight.*

Where coke is sold at the ovens for a price stated, and is delivered to the carrier by the seller, who thereupon becomes liable for freight, and subsequently, when the coke arrives at the purchaser's yard, it is wrongfully rejected by the latter, and the seller thereupon sells it to other parties, the seller is not obliged to sue for the entire purchase price of the coke, but he may claim and recover the difference between the price at which the coke was originally sold and that for which it was subsequently resold, deducting freight and charges.

Where a contract of sale has been repudiated and the goods rejected by the vendee in toto, it is violated in every part, and the vendee becomes liable for whatever actual damages the vendor may suffer.

Argued Oct. 11, 1905.    Appeal, No. 150, Oct. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., March T.,

1903, No. 1547, on verdict for plaintiff in case of Carlton F. Moody, trading as William F. Moody & Son, v. Hugh McTaggart et al., trading as Bell Coal Company.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit on a contract for the sale of coke.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $442.23.    Defendant appealed.

The verdict was rendered on May 16, 1905.    Subsequently the defendant made the following motion :

" And now, May 31, 1905, the defendant by Smithers & Lank, its attorney, moves the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for the judgment non obstante veredicto upon the whole record.

" SMITHERS & LANK,

" Attorney for defendants."

DECREE.

" And now to wit: May 31, 1905, the court after due consideration grant leave to the attorney for the defendant to file the above motion, and the said motion is hereby made a part of the record in the above case.

" W. W. C.,

" Judge."

The court dismissed the motion.

*Errors assigned* were (1) in refusing defendant's point as to binding instructions for defendant; (2) in dismissing defendant's motion for judgment non obstante veredicto on the whole record.

*Edgar W. Lank*, of *Smithers & Lank*, for appellant.—The coke being delivered to defendants as stated above, there remained nothing to be done under the contract by plaintiff, hence the contract was executed and not executory.    Plaintiff, then, could only sue for the price if the contract had been well

performed: Foster v. Dawber, 6 Exch. 839; Philadelphia & Reading R. R. Co. v. Wireman, 88 Pa. 264; Heiskell v. Bank, 89 Pa. 155; Fire-Works Co. v. Polites, 130 Pa. 536; Rickey v. Tutelman, 19 Pa. Superior Ct. 403; Werner Sawmill Co. v. Ferree, 201 Pa. 405; Com. v. Fleming, 130 Pa. 138; Dannemiller v. Kirkpatrick, 201 Pa. 218; Reynolds v. Callender, 19 Pa. Superior Ct. 610.

*Thomas S. Williams*, with him *Joseph T. Bunting*, for appellee.—Where goods are sold at public auction on a credit, and the vendee afterwards refuses to take them, the owner may, before the expiration of the credit, maintain an action in his own name against the vendee for a breach of the contract: in which the measure of damages generally is, the difference between the price agreed to be paid for the goods and their value when the vendee refused to take them. This may be ascertained by a resale at the risk of the vendee; but the jury are not bound by this mode of estimation, if they can find another more agreeable to truth: Girard v. Taggart, 5 Sergeant & Rawle, 19; Andrews v. Hoover, 8 Watts, 239; McCombs v. McKennan, 2 Watts & Sergeant, 216; Guillon v. Earnshaw, 169 Pa. 463; Hooper Seving & Co. v. Bromley Bros. Carpet Co., 11 Pa. Superior Ct. 634.

OPINION BY BEAVER, J., November 21, 1905:

The disputed facts in this case were all found by the jury against the defendants. The assignments of error, although two in number, really involve but a single question. The defendants at the trial asked for binding instructions, which request was denied. After the verdict they moved for judgment, non obstante veredicto, under the provisions of the Act of April 22, 1905, P. L. 286. The latter motion was also disallowed and judgment entered upon the verdict. The question, therefore, is, was there any evidence upon which the plaintiffs had a legal right to recover?

The evidence, practically undisputed, was that the plaintiffs sold the defendants two cars of coke upon their siding at Uniontown, the numbers of the cars being given. When the coke reached its destination several days thereafter, the de-

fendants refused to take it, on the ground that the delivery by the carrier was too late and that it was a size different from that which they purchased. The grounds upon which the refusal to accept was based were, however, denied.

The disputed questions were fairly left to the jury and, as already intimated, were all found for the plaintiffs. It was, therefore, simply a question of what the plaintiffs should have done under the circumstances. The defendants claim that the contract being executed, that is, the coke having been delivered to them on the siding, on the day of the sale, the plaintiffs were bound to sue for the entire purchase price of the property so delivered and could not claim the difference between the price at which the coke was originally sold and that for which they subsequently re-sold it, deducting freight and charges. This is a somewhat extraordinary position to be taken by a defendant who had repudiated the contract entirely, and depends, to some extent, upon what an executed contract is.

Bouvier, vol. 1, 425, says: " Executed contracts are those in which nothing remains to be done by either party and where the transaction has been completed, or was completed at the time the contract or agreement was made : as where an article is sold and delivered and payment therefor is made on the spot." In 9 Cyc. 244, such a contract is described as follows : " An executed contract is a contract which has been fully performed since it was made, or which was performed at the time it was made, so that nothing remains to be done on either side, and an executory contract is one which is either wholly unperformed, or in which there remains something to be done on both sides, or on one side. A contract may be executed on one side and executory on the other."

However this may be, the present case is not dependent upon definitions. Whether the contract was executed or executory, the defendants repudiated it entirely, as the jury have found, without good grounds. What were the plaintiffs to do? They were liable for the freight. It is true the consignees were also liable, " but the remedy against the consignee is not exclusive, although he may be the owner of the goods. It is held not to be obligatory upon the carrier to collect the freight of him, even when the bill of lading contains the usual clause ' he paying the freight thereon.' Such provision, it has been decided,

is intended for the exclusive benefit or accommodation of the freighter or shipper of the goods, and imposes no duty upon the carrier to collect the freight of the consignee; but he may even waive his lien upon the goods by delivering them to the consignee, without requiring payment of the freight, and still hold the shipper or consignor liable for the contract of shipment:" Hutchinson on Carriers, sec. 451. If the plaintiffs had allowed the carrier to make sale of the coke in order to secure the freight, the defendants would doubtless, in a suit for the value of the consignment, have made the point that it was the plaintiffs' duty to make the best of the goods sold for their benefit.

In Girard v. Taggart, 5 Sergt. & Rawle, 19, which was an action for a breach of contract for goods sold but not actually delivered, Mr. Justice GIBSON said: "Where goods are sold and delivered on a credit and the vendee has violated the contract only in one particular, the damages will be commensurate only with the actual breach. But the present is a very different case from that of a contract partly executed by the vendee, and broken only as to a condition incidental or collateral to the principal thing he was bound to perform. Here the defendant rejected the contract in toto and, therefore, violated it in every part. The damages recovered are not the price of the goods sold but a compensation for the disaffirmance of the contract, and the difference on the re-sale is merely the measure of the damages actually suffered." We see no difference in principle whether the goods had been delivered to a carrier and constructively to the vendee, or whether there had been no such delivery. Where the contract has been repudiated and the goods rejected by the vendee in toto, it is violated in every part, and he becomes liable for whatever of actual damages the vendor may suffer. See also Andrews v. Hoover, 8 Watts, 239; Guillon v. Earnshaw, 169 Pa. 463; Hooper, Seving & Co. v. Bromley Bros. Carpet Co., 11 Pa. Superior Ct. 634.

What the plaintiffs did was evidently in the interest, and for the benefit, of the defendants, and we know of no legal ground or principle of equity on which they will be heard to successfully claim that the plaintiffs should have sued them for the entire purchase price of the cargo of coke rather than for the amount which remained after deducting the amount for

which they were enabled to sell it in the best market, at the best price obtainable.

The case was well tried and the defendants were not called upon to pay more by the verdict than, under the well-settled rules of law, they were bound to pay, in view of their repudiation of the contract.

Judgment affirmed.