UNION PACIFIC LODGE NO. 17, A. O. U. W., APPELLEE, V.
BANKERS SURETY COMPANY, APPELLANT.

FILED OCTOBER 3, 1907.   No. 14,945.

1. **Evidence.** In an action by a subordinate lodge of a fraternal bene-
ficial association, the books and records of the lodge when
properly identified are receivable in evidence against the mem-
bers of the lodge and their privies.

2. **Corporations:** INSURANCE: ESTOPPEL. Where a surety company is-
sues an indemnity policy insuring a fraternal beneficial associa-
tion from loss by larceny or embezzlement of its officers, the
contract not being illegal, the company will be estopped from
denying the legal capacity of the association in an action on the
policy by the association against the company.

APPEAL from the district court for Douglas county;
WILLIS G. SEARS, JUDGE.   *Affirmed.*

*E. M. Bartlett* and *W. N. Chambers,* for appellant.

*Weaver & Giller, contra.*

JACKSON, C.

The plaintiff had judgment in an action on an em-
ployer's indemnity policy issued by the defendant for the
protection of the plaintiff against loss by larceny or em-
bezzlement of its officers.   The financier and receiver are
among the principal financial officers of the plaintiff.   The
contract of indemnity covered both of these offices.   During
the period involved in the transactions in suit, Henry
McCoy was the financier and Ross C. Rowley the receiver.
It was claimed in the petition that both of these officers
were short in their accounts, and judgment was asked to
cover the default of both.   The court directed a verdict
in favor of the defendant as to the claim of shortage
against the financier, and the case having been submitted
to a jury as to the receiver a verdict was returned against

54

the defendant, upon which the judgment involved in this appeal was entered.

The plaintiff is the subordinate lodge of a fraternal beneficial association, which issues certificates of indemnity on the lives of its members, who are periodically assessed to pay death claims. The accounts between the lodge and its members are kept in a ledger, where each member is charged with assessments for death losses and other demands incident to the conduct of the affairs of the lodge and the grand lodge to which it is subordinate, and credited with payments as they are made. This ledger or book of account is required to be kept by the fundamental law of the order and is one of the records of the lodge. The proceedings of the lodge are recorded in a minute book by an officer styled the recorder, in which the receipts and disbursements of the lodge are required to be entered. The financier receives the funds due the lodge, and keeps the accounts between the lodge and its members. The funds collected by him are required to be turned over to the receiver to be disbursed under the direction of the lodge. The financier is provided with blank books of receipts to be filled out by him and delivered to persons from whom funds are received. Stubs of receipts are retained in his office showing the purpose for which the receipt was issued, the amount received, and from whom. He also keeps a cash book, in which entries are made of cash received. At the trial the court received in evidence the minute book of the lodge, showing the receipts and disbursements, together with the ledger accounts between the lodge and its members, and an expert accountant testified to having made an examination of these books, and from the books to the condition of the accounts between the lodge and its financier and receiver. From the testimony of the plaintiff's witnesses it appeared that the cash book kept by the financier and stubs of receipts could not be found, except for a period of two or three months of the latter part of McCoy's term of office, and, except for that period, were not produced in evidence. The appellant

complains of the admission of the minute book and the ledger accounts, because it is said they are not books of original entry. The charges against the members are entered in the ledger only. The credits were entered both from the cash book and the memory of the officer, so that the ledger account is the only book of account showing the complete financial transactions between the lodge and its members, and for that purpose is a book of original entry. The recorder ordinarily kept the minutes of the lodge in shorthand notes, which were transcribed into the record. This record appears to have been read in open lodge, and had the approval of its members. Both books were required to be kept by the law of the order, and were part of the records of the lodge, and as such, when properly identified, are admissible in evidence against the members of the lodge and their privies, in an action by the lodge.

The court instructed the jury as follows: "You are instructed that mere discrepancies in accounts do not constitute larceny or embezzlement, but that the larceny or embezzlement, if any, must be shown by the plaintiff as a material fact, and in that regard you may consider the accounts of the lodge, as shown by the books received in evidence, and as bearing upon the question as to whether or not the said Rowley did, as such officer, during said time covered by defendant's bond, have plaintiff's moneys in his possession that were not paid out according to the direction of the lodge, nor turned over to his successor in office." It is said that this instruction is erroneous, because of a lack of evidence to show that the receiver had money in his possession that was not paid out according to the direction of the lodge or turned over to his successor in office, and that therefore there was no evidence of larceny or embezzlement. If the testimony of the expert accountant is to be believed, there is no merit in this contention, and the weight to be given to the evidence was a matter exclusively for the jury.

The defendant requested the court to instruct the jury that a surety is entitled to stand upon the strict terms of

his contract; he is bound only to the extent and in the manner pointed out in his obligation; and, further, that fraud is never presumed, but must be proved by the party asserting it by a fair preponderance of the evidence. The court refused these instructions, and of this ruling the defendant complains. The rules announced in the instructions requested are doubtless correct as abstract propositions of law, but our attention has not been called to any facts involved in this controversy which would make the refusal of the trial court to give the instructions prejudicial error, and it is not explained how such instructions would have aided the jury to arrive at a different conclusion.

The defendant produced, and sought to have introduced in evidence, a letter received by the plaintiff from the recorder of the grand lodge. On objection the offer was denied, and it is said that this letter discloses inaccuracies in the accounts of the lodge. The trial court did not err in excluding this letter from the consideration of the jury. The books of the lodge were in evidence, they were examined by accountants on behalf of the defendant, and the grand recorder himself was present at the trial and examined as a witness. If the books were inaccurate, the proof was at hand, and in any event there seems to be no theory presented by the record upon which the letter was admissible.

Many other rulings of the trial court on the admission of evidence are discussed in the brief. None of the rulings, however, are found to be prejudicial to the defendant.

Finally, it is urged that the petition does not show the legal capacity of the plaintiff to sue. The defendant is not favorably situated to raise this question. It contracted with the plaintiff, and the contract is not illegal. It is therefore estopped from denying the legal capacity of the plaintiff.

It is recommended that the judgment of the district court be affirmed.

AMES, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.