## J. K. ARMSBY COMPANY, APPELLANT, V. RAYMOND BROTHERS-CLARKE COMPANY, APPELLEE.[*]

FILED JANUARY 3, 1912. No. 16,563.

1. Sales: REFUSAL TO ACCEPT GOODS: ACTION FOR DAMAGES: CAPACITY TO SUE. A purchaser who by a valid written contract induced a nonresident corporation, in compliance therewith, to deliver to a carrier for shipment the goods purchased, and attempted without cause to rescind the purchase while the goods were in transit, will not, in an action for damages for refusing to accept the consignment, be heard to assert that plaintiff has not legal capacity to sue.

2. Corporations: ACTION: PLEADING: NONCOMPLIANCE WITH STATUTE AS DEFENSE. A defendant who relies for a defense upon the plaintiff's failure to comply with the act (Comp. St. 1907, ch. 16) requiring a nonresident corporation to become a domestic corporation, before transacting business in Nebraska, should plead and prove facts showing noncompliance with such statute.

---

[*] Rehearing denied. See opinion, p. 773, *post.*

3. Sales: Rescission: Liability for Damages. After goods have been sold and delivered to a carrier for shipment pursuant to a valid contract in writing, the purchaser, in absence of the seller's consent, cannot rescind the purchase on account of a financial depression alone without incurring liability for resulting damages.

4. ———: ———: Resale: Damages Recoverable. Where an Illinois corporation, having an agency in Omaha, sells dried fruit and delivers it to a carrier in California for shipment to the purchaser at Lincoln, Nebraska, pursuant to a valid written contract and a custom of the parties, the seller may ·divert the shipment to Omaha, resell the fruit there or in neighboring markets within a reasonable time for the best prices obtainable, and recover from the purchaser proper charges for storage, insurance, and freight, which the latter agreed to pay, and also the difference between the contract prices and the prices for which the goods were resold, if the purchaser without cause attempted to rescind the purchase, while the fruit was in transit in a car-load lot containing goods ordered by other purchasers, and absolutely refused to accept the consignment any place under any circumstances.

5. ———: ———: ———: Unreasonable Delay. Whether a resale of goods, purchased by a dealer who refused without cause to accept them, was unreasonably delayed depends upon the facts and circumstances of each particular case.

6. ———: ———: Action for Damages: Pleading: Notice of Resale. In a suit by a seller to recover. from the purchaser the difference between the contract prices and the prices for which the goods purchased were resold, after the purchaser without cause absolutely refused to accept them, it is unnecessary for plaintiff to allege that defendant had notice of the resales, where the petition contains allegations showing the latter had notice of the facts under which plaintiff's right to make the resales existed.

7. ———: ———: ·———: ———: Tender. Where the purchaser of goods delivered to a carrier in California for shipment to Lincoln, Nebraska, absolutely refuses without cause, while the goods are in transit, to accept them anywhere under any circumstances, it is unnecessary for the seller, after diverting them to Omaha for storage and resale, in a suit to recover damages for breach of the contract, to allege and prove that the consignments were tendered to the purchaser at Lincoln, the latter having been repeatedly requested to accept them· there.

8. ———: Nonacceptance: Grounds for Refusal. Where a purchaser of goods absolutely refused to accept them on the sole ground

of an unexpected financial depression, other grounds, in absence of fraud, need not be considered in a suit by the purchaser to recover the difference between the contract prices and the prices for which the goods were resold, if they complied with the contract of purchase in kind, quality and quantity.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed.*

*Parish & Martin, T. J. Doyle* and *G. L. DeLacy*, for appellant.

*Charles O. Whedon, contra.*

ROSE, J.

This is an action to recover damages for defendant's breach of contract to accept and pay for the following items of dried fruit purchased from plaintiff, an Illinois corporation transacting business in California:

100 25-pound boxes extra choice $\frac{1}{2}$ pears at $12\frac{1}{2}$c. a pound.

100 25-pound boxes extra choice apricots at 22c. a pound.

200 50-pound boxes Muir peaches at $10\frac{1}{2}$c. a pound.

30 25-pound boxes extra choice $\frac{1}{2}$ pears, at agreed price of $93.75.

In the petition the substance of facts pleaded in detail is: Pursuant to contracts executed in writing in October, 1907, plaintiff delivered on board a car at Marysville, California, November 20, 1907, the first three of the items named, defendant to pay freight at car-load rates to Lincoln, Nebraska, the purchaser's place of business. Under a contract dated July 26, 1907, the fourth item was delivered on board a car at Fresno, California, November 18, 1907, defendant to pay freight at car-load rates to Lincoln, Nebraska. Through defendant's failure to accept the fruit according to agreement, plaintiff stored and insured it in Omaha, afterward resold it, and was damaged in the sum of $648.42, the difference between the

contract price and the amount for which it was resold, charges for freight, storage and insurance being added as elements of damage.

The execution of the contracts of purchase was admitted by an answer, in which defendant alleged that they were negotiated by Gable, Johnson & Jones, agents of plaintiff at Omaha; that through a letter written by defendant November 18, 1907, to plaintiff at San Francisco and through a letter to the agents named, the orders for the Marysville consignments were duly countermanded; that none of such fruit was ever delivered to or received by defendant or was ever in its possession; that the Fresno consignment was never sent to or received by defendant and was never in its possession; that if any fruit was delivered on board of a car at Marysville and consigned to defendant at Lincoln, as alleged in the petition, plaintiff stopped the car in transit and diverted it to Omaha, and the consignment was never received by defendant at Lincoln. Defendant in its answer denied all allegations of the petition not specifically admitted, and the reply was a general denial.

The case was tried to a jury, and at the close of plaintiff's testimony each party requested a peremptory instruction; the motion of defendant being based on the ground that "under the pleadings and proof the plaintiff is not entitled to recover." The motion of defendant was formally sustained and the action dismissed. Plaintiff has appealed.

Plaintiff argues that its petition states a cause of action for damages resulting from defendant's breach of contract to accept the fruit; that each consignment had been taken by the carrier from the shipping place and was in transit before plaintiff received any notice of a purpose on part of defendant to countermand the orders; that there was no cause to rescind the contract of purchase; that the full amount of plaintiff's claim was established by uncontradicted testimony; that there is no evidence to sustain the verdict in favor of defendant; and

that the overruling of plaintiff's motion for a peremptory instruction was erroneous.

Defendant offered no proofs. Plaintiff's evidence tended to show: The goods shipped complied with the contract of purchase in kind, quantity and quality. Before plaintiff received any notice from defendant of its attempt to cancel the contracts of purchase, the fruit ordered had been purchased by plaintiff for shipment, had been packed in a car at the proper shipping place in California, had been billed, and had been turned over to the carrier and had been started on its way to Nebraska. The carrier took the car from the plaintiff's packing-house switch November 20, 1907. In the afternoon, November 21, 1907, plaintiff received from defendant a letter dated at Lincoln, November 18, 1907. It contained a request for the cancelation of the orders for the fruit shipped from Marysville; the reason given by defendant being: "Financial conditions are such here that we cannot handle these goods, and therefore we ask you to cancel our orders as we cannot take the goods." Defendant was advised that the fruit had been shipped and that the sale could not be rescinded. Afterward, while the fruit was ·in transit, defendant wrote to plaintiff as follows: "Lincoln, Neb., Nov. 23, 1907. The J. K. Armsby Co., San Francisco, Calif. Gentlemen: Gabel, Johnson & Jones of Omaha sent us your letter and telegram stating you could not cancel our order for dried fruits. We notify you that we will not accept the goods. We countermanded the order and will not take the goods under any circumstances. This is positive. We gave you the proper reasons for countermanding the order and we can not take the goods, and ask you to make disposition of same. The cancelation was sent to you in ample time and we ask you to act accordingly. Yours truly, Raymond Bros.-Clarke Co. By I. M. Raymond."

The only reasons offered by defendant for attempting to cancel the order were financial conditions and inability to pay for the fruit. There was no intimation of fraud on

the part of plaintiff. After repeated attempts to persuade defendant to accept the consignments, and after the latter had positively refused to do so under any circumstances, they were diverted to Omaha, where plaintiff had an agency. Later the fruit was resold for the best prices obtainable. The proof shows the original prices, the sums realized from resales, the amount of freight charges which defendant agreed to pay, and the cost of storage and insurance.

To justify the judgment of dismissal, defendant insists that the record shows plaintiff has no legal capacity to sue. This point is based on the following propositions: The petition alleges that plaintiff is an Illinois corporation. Incorporation is denied by the answer. Plaintiff has not complied with the law permitting non-resident corporations to transact business in this state. To the introduction of testimony defendant interposed a de·murrer *ore tenus*. The peremptory instruction for defendant, however, cannot be sustained on this ground. Defendant admitted that it entered into the contracts of purchase, and in the answer containing the admission their validity is not questioned. Through these contracts plaintiff was induced to buy, sell to defendant, and ship the fruit. Under such circumstances defendant will not be heard to question plaintiff's legal capacity to sue. *Union Pacific Lodge v. Bankers Surety Co.*, 79 Neb. 801.

It is further argued that plaintiff, being a foreign corporation, was not entitled to a recovery without becoming a domestic corporation by filing its articles of association with the secretary of state, and by complying with other statutory provisions before transacting business in Nebraska. Comp. St. 1907, ch. 16. In this respect there is nothing in the record to show that plaintiff had not complied with the statute cited. Noncompliance is a defense which, to be available, must be pleaded. No such plea having been made by defendant, it will be presumed that plaintiff complied with the law. *Northern Assurance Co. v. Borgelt*, 67 Neb. 282. It follows that the judgment cannot be upheld on this ground.

Defendant insists it had a right to cancel the contracts and exercised that right November 18, 1907, before the goods were delivered to the carrier. The foundation for this assertion is a letter written by defendant to, and received by, plaintiff's Omaha agents November 18, 1907. The argument is that notice to the agents is notice to the principal. The letter contained the statement that defendant had written to plaintiff to cancel the Marysville orders, and asking the agents to write to their principal and request it not to ship the goods. The proofs show that the agents promptly wrote the requested letter, which was not received by plaintiff until the afternoon of November 21, 1907, after the goods had been shipped. This does not amount to a rescission relieving the purchaser from its agreement to accept the fruit purchased or for the consequences of violating its contract.

Among other propositions advanced by defendant are these: Had a cause of action been stated, the measure of damages would have been the difference between the contract prices at Marysville November 18, 1907, when the fruit was delivered to the carrier, and the market prices at that place, where the contract was broken. The market price at the time and place mentioned is not pleaded and there is no proof of such prices anywhere. Plaintiff does not allege that it gave notice of the resales. They were made at Omaha, Hastings, Grand Island, Kansas City and Atchison, six months after the alleged breach of contract. Proof of such resales and of the prices realized was improperly admitted. If plaintiff had a right to make such resales, they should have been made at the time and place where the breach occurred. Since the measure of recovery is not pleaded or proved there can be no recovery.

In the present case there are reasons why plaintiff's rights should not be determined according to such views. The proofs show that, pursuant to a custom between the parties, the fruit was shipped in a car containing other goods. Under this custom defendant obtained the benefit of freight charges at car-load rates from the place of

shipment to Lincoln. The shipment was made in the usual course of business. Notice of defendant's purpose to countermand the orders was received while the fruit was in transit. No valid ground for rescinding the contract of purchase was given. Under such circumstances plaintiff was neither required by law nor morals to interfere with the consignments to other customers, nor to require the carrier to return to the place of shipment the goods purchased by defendant, because it broke its contract there. During the time the goods were in transit plaintiff tried to persuade the purchaser to keep its bargain. If a breach originally occurred at Marysville, defendant was nevertheless under obligation to accept the goods at Lincoln, and the absolute refusal to do so was also a violation of the contract. Defendant having arbitrarily refused to accept the goods anywhere, it became the duty of plaintiff to take charge of them for the purpose of lessening the purchaser's damages. Plaintiff was engaged in the business of selling dried fruit, and under the circumstances of this case the consignments were properly diverted to Omaha for storage and resale, there being a storage house and an agency at that place. In failing to allege notice of the resales the petition was not demurrable. It showed the absolute refusal of the purchaser to comply with the contract of sale. It also contained allegations showing that defendant had notice of facts under which plaintiff's right to make the resales existed. Plaintiff was not required to allege notice under the circumstances disclosed. *Ingram v. Matthien,* 3 Mo. 209; *Rosenbaums v. Weeden, Johnson & Co.,* 18 Grat. (Va.) 785; *Waples & Co. v. Overaker & Co.,* 77 Tex. 7; *Lindon v. Eldred,* 49 Wis. 305; *Clore v. Robinson,* 100 Ky. 402. If the goods were not resold in either Lincoln or Omaha, the proof shows without contradiction that they were resold in neighboring markets for the best prices obtainable. This was sufficient evidence of the market value to make, in that respect, a *prima facie* case. *Ingram v. Wackernagel,* 83 Ia. 82; *Waples & Co. v. Overaker & Co.,*

77 Tex. 7; *Rickey v. Tenbroeck,* 63 Mo. 563; *Gehl v. Milwaukee Produce Co.,* 116 Wis. 263; *Moody v. McTaggart,* 29 Pa. Super. Ct. 465; *Lewis v. Greider,* 49 Barb. (N. Y.) 606; *Anderson v. Frank,* 45 Mo. App. 482. Whether a resale is unreasonably delayed depends upon the facts and circumstances of each case. *Almy v. Simonson,* 52 Hun (N. Y.) 535; *Lewis v. Greider,* 49 Barb. (N. Y.) 606; *T. B. Scott Lumber Co. v. Hafner-Lothman Mfg. Co.,* 91 Wis. 667. In determining whether there was an unreasonable delay in reselling the goods, and whether plaintiff should recover the expense of storage and insurance as elements of damage, it was proper for the trial court to take into consideration judicial knowledge that there was a general depression in business after the goods were delivered to the carrier at the time disclosed by the proofs, and the fact that financial conditions arising unexpectedly after the goods were purchased led to defendant's attempt to countermand the orders. It was proper also to inquire whether a careful dealer would make a hasty sale during such a period, and whether conditions justified the expense of storage and insurance. Without regard to such expenses, the payment of freight charges, which defendant agreed to pay, was a direct and natural result of his breach of contract, and such charges are recoverable as damages. For the mere idle purpose of being able to prove that the goods had been tendered to defendant at Lincoln, plaintiff was not required to incur the additional expense of shipping them to that place, since defendant had refused absolutely to accept them in any event. The freight charges to both places were the same. *Lex neminem cogit ad vana seu inutilia peragenda.*

Failure of plaintiff to deliver the goods to the carrier according to the terms of the contract is another reason urged by defendant to justify the peremptory instruction in its favor. This position is also untenable. As already shown, plaintiff is seeking to recover damages for defendant's breach of contract to accept the fruit purchased. The only reason offered by defendant for attempting to

39

cancel the order was the condition of the money market and inability to pay the purchase price. Rejection of the goods on other grounds need not therefore be considered. *Ginn v. W. C. Clark Coal Co.*, 143 Mich. 84; *Littlejohn v. Shaw*, 159 N. Y. 188.

The petition states a cause of action. Plaintiff's proofs are not contradicted. Both parties, by requesting a peremptory instruction, invited the judgment of the court on the issues and facts. The judgment should have been in favor of plaintiff, and must for that reason be reversed. In the further proceedings, however, the trial court should not retry the case or retrace its steps beyond the point where the error in directing a verdict in favor of defendant was committed, but should render judgment in favor of plaintiff for the damages proved.

REVERSED.