RETAIL MERCHANTS SERVICE, APPELLANT, v. JOHN BAUER & COMPANY ET AL., APPELLEES.*

FILED FEBRUARY 10, 1933. No. 28354.

---

* See opinion on rehearing. 125 Neb. p. ——.

*Montgomery, Hall & Young* and *J. M. Emmert,* for appellant.

*A. L. Tidd, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and RAPER, District Judge.

PAINE, J.

After trial in the district court, each party moved the court for a directed verdict. The jury were thereupon discharged, and the court sustained the motion of the defendants and dismissed plaintiff's action for want of proof of its corporate existence.

Plaintiff is engaged in supplying retail merchants with advertising material. Its principal place of business is Des Moines, Iowa. The defendants operate a garage at Plattsmouth, Nebraska. On December 3, 1929, a solicitor for plaintiff secured the defendants' signature to a monthly advertising service, for which they agreed to pay $18 a month for 18 months, which service was to start upon notice from the defendants, and, in addition, they were to supply certain information, each of which defendants neglected to furnish, and material shipped by the plaintiff was refused by the defendants. Plaintiff commenced an action in the county court of Cass county to recover the sum of $88 for breach of contract. Defendants filed answer, and the trial was had to a jury of six, and a verdict was returned in favor of the defendants, from which plaintiff appealed to the district court. The first paragraph of the petition filed by plaintiff in the district court alleges: "At all times hereinafter mentioned, plaintiff was and is a corporation duly organized and existing under and by virtue of the laws of the state of Iowa." The defendants filed their answer thereto, and in the first paragraph denied specifically paragraph 1 of the plaintiff's petition, as set out above. No reply was filed. At the conclusion of the plaintiff's testimony, the defendants moved for a directed verdict on the ground that the

plaintiff had failed to prove that it was a corporation at the time of filing of said suit, or, in the alternative, that said jury be discharged and plaintiff's petition be dismissed. Thereupon, plaintiff also moved for a directed verdict. After argument the court sustained defendants' motion, and entered an order as follows: "It is therefore considered, ordered and adjudged that the defendants' motion be and the same is hereby sustained, and the plaintiff's cause of action dismissed at plaintiff's costs, to all of which plaintiff excepted." A motion for new trial was filed and overruled by the court.

In this case the plaintiff sued as a corporation. The defendants specifically denied its corporate existence in their answer, and no reply was filed. In the case of *Davis v. Nebraska Nat. Bank,* 51 Neb. 401, it was held that, where the plaintiff sued as a corporation and the defendants in their answer specifically denied the corporate existence of plaintiff, this stated a defense, and cast upon the plaintiff the burden of proving its corporate existence, in which case it was stated that, while the defense might be purely technical, yet the plea was one of which the defendants might legally avail themselves, and the burden was thereby cast upon the plaintiff of proving that fact.

It is insisted in the reply brief that the appellees are estopped to deny the corporate existence of the appellant. If the appellant had filed a reply and alleged an estoppel, he would be in a better position to present that question to this court, for in the case of *Nebraska Mortgage Loan Co. v. Van Kloster,* 42 Neb. 746, this court held that an estoppel, to be available as a cause of action or defense, must be specially pleaded, and established by preponderance of the evidence. See *Burwell Irrigation Co. v. Lashmett,* 59 Neb. 605; *Omaha Savings Bank v. City of Omaha,* 4 Neb. (Unof.) 563.

The appellant claims that the recent decision of *American Gas Construction Co. v. Lisco,* 122 Neb. 607, has held otherwise. An examination of the opinion in that case

discloses that the real contention of the defendant was that the plaintiff was not a corporation, for that its corporate life had expired prior to entering into the contract involved, which is entirely different from the proposition before us. And, in the case at bar, there is nothing in the name of the plaintiff, "Retail Merchants Service," which even implies a corporation, and it was specifically denied, and became a direct issue in the case.

We find no error in the record in this case, and the same is hereby

AFFIRMED.