RETAIL MERCHANTS SERVICE, APPELLANT, V. JOHN BAUER & COMPANY ET AL., APPELLEES.

FILED JUNE 9, 1933. No. 28354.

*Montgomery, Hall & Young, Laurens Williams* and *J. M. Emmert,* for appellant.

*A. L. Tidd, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, and PAINE, JJ., and MEYER, District Judge.

DAY, J.

This is an action to recover damages for breach of contract. It is now before the court on a motion for rehearing.

The plaintiff alleged in his petition that it was a corporation; the answer denied corporate existence, and no reply was filed. There was no evidence in the record to support the allegation, and, both parties moving for a directed verdict, the trial judge dismissed the action.

The former opinion, which appears at 124 Neb. 360, affirmed the judgment of the trial court.

In the opinion, it is suggested that the plaintiff could not avail itself of the fact that defendant had contracted with it, to meet the issue of its corporate existence, unless an estoppel is pleaded. This is attacked in the motion for rehearing due to the fact that appellant places a very restricted construction on the language used. In *City Nat. Bank of Hastings v. Thomas,* 46 Neb. 861, we find: "A party entitled to an estoppel need not in all cases formally plead the estoppel. If the facts constituting the estoppel are in any way sufficiently pleaded, he is entitled to the benefit of the law arising therefrom." This rule has been followed in *Seng v. Payne,* 87 Neb. 812, and *Smith v. Liberty Life Ins. Co.,* 118 Neb. 557. The plaintiff urges that its claim against the defendant arises out of a written contract between them, and that defendant is estopped to deny plaintiff's corporate existence. The plaintiff pleaded the written contract and defendant's answer admits the execution of the contract. This is a sufficient pleading of the estoppel relied upon, as required by former opinion, if sufficient in law.

But does the fact that defendant entered into a written contract with plaintiff estop defendant from denying that plaintiff is a corporation? There is no evidence of corporate existence, and there is no recital in the written contract or anything in the course of dealing which would show an admission or recognition of incorporation. The general rule applicable is given by various authorities.

7 R. C. L. 107, sec. 82, states: "One must contract or deal with a company as a corporation before he can be estopped from denying its corporate existence, and it is held that the legal corporate existence of a company is not admitted from the mere fact that one dealing with it has, in a contract with the company, designated it by a name appropriate to a corporate body, unless it is distinctly stated in the contract that it is an incorporated company."

14 C. J. 240, says: "It is well settled of course that, to warrant holding a person estopped from denying the existence of an alleged corporation because he has contracted or otherwise dealt with it as a corporation, his contract or dealing must have been such as to show an admission or recognition of the legal corporate character of the association. * * * A man cannot be so estopped by acts which are just as consistent with the existence of an unincorporated association as of one incorporated, for 'estoppels never arise from ambiguous facts; they must be established by those which are unequivocal, and not susceptible of two constructions.' "

In 8 Fletcher, Cyclopedia Corporations (Perm. ed.) p. 245, sec. 3910, we also find this enlightening and comprehensive discussion of the rule: "Contracting or dealing with an association as a corporation raises an estoppel to deny its corporate existence. Subject to the limitations and exceptions already noted (none of which are applicable to this case), it is well settled, barring a contrary rule in one state (Maryland), that a person who contracts or otherwise deals with a body of men as a corporation thereby admits that they are a corporation, and is estopped to deny their incorporation, in an action against him based upon or arising out of such contract or course of dealing. In some of the decisions it is said that the courts, in this class of cases, really proceed upon a rule of evidence rather than upon the strict doctrine of estoppel, as it would appear that they have treated the contract with a party by a name implying a corporation really as evidence of the existence of a corporation, more than as an estoppel to disprove such fact, and that it is more correct to say that the party contracting with the corporation will be considered as having admitted its corporate existence rather than that he cannot deny it. And a number of courts have held that the making of the contract with the corporation as such is *prima facie* evidence of the existence of the corporation, and that no further proof of that fact is necessary in an action there-

on until such proof is rebutted, although the contrary has been held to be true where there is nothing in an instrument executed to a company which describes or refers to it as a corporation or in any way intimates that it is one."

The decisions supporting this rule are so unanimously in accord that we do not cite the numerous cases, which may be obtained by reference to the authorities cited or to the digest. However, it will be helpful to review a few of our authorities, especially those cited by appellant.

In accord with the general rule, one who contracts with a corporation, as such, so that his contract is an admission of corporate existence is estopped to deny incorporation as a defense to an action on the contract. *American Gas Construction Co. v. Lisco,* 122 Neb. 607, and cases cited therein.

It has also been held that one who contracts with a corporation, not as such, but later recognizes and deals with it as such, is estopped to deny corporate existence. *Societe Titanor v. Paxton & Vierling Iron Works,* 124 Neb. 570.

An estoppel cannot be based upon ambiguous facts, equivocal and capable of two constructions, which are just as consistent with the existence of a partnership or the trade-name of an individual as with a corporation. The name of plaintiff, "Retail Merchants Service," who was a party to the contract, is such a name. There is no recital of corporate existence in the contract, which admits corporate existence. Indeed, the record leaves one without any information as to the nature of the plaintiff. A partnership or an individual using a trade-name would be as sound an inference as a corporation.

Section 24-221, Comp. St. 1929, providing that any person sued on a contract made with a corporation shall not be permitted to set up the want of legal organization in defense to such action, is not applicable or controlling since there is no evidence of a contract with a corporation.

The appellant places great stress, as an authority, upon

*Armsby Co. v. Raymond Bros.-Clarke Co.*, 90 Neb. 553. It is not clear from the opinion whether the contract was with plaintiff as a corporation. The facts in this connection are meager, but it is certain that the controlling question was whether failure to domesticate a foreign corporation before doing business in Nebraska rendered it incapable to sue. It was held that the foreign corporation was presumed to have complied with the law. We fail to see any applicability of this opinion to the case at bar.

Another case cited, *Union Pacific Lodge v. Bankers Surety Co.*, 79 Neb. 801, was an action on a fidelity bond indemnifying plaintiff from loss by larceny or embezzlement by its officers. It was urged that petition did not show legal capacity to sue. It is not evident that it was denied by answer. Defendant had entered into a legal contract assuming this liability. It was held to be estopped to deny plaintiff's legal capacity. The discussion is not comprehensive and in no wise conflicts with our views herein announced.

We adhere to our former judgment.

AFFIRMED.