U. S. TIRE DEALERS MUTUAL CORPORATION, APPELLEE, v. CHARLES B. LAUNE ET AL., APPELLANTS.
296 N. W. 333

FILED FEBRUARY 7, 1941. No. 30941.

C. S. *Wortman* and *Armstrong & McKnight*, for appellants.

*Robert M. Armstrong, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

Plaintiff sued defendants to recover the amount alleged to be due upon a promissory note, signed "Auburn Tire & Battery Co., by A. A. Owens", and upon an open account for merchandise sold and delivered. From a judgment for the plaintiff, defendant Laune appeals.

The following questions are presented: (1) Did the court err "in rendering a judgment against this defendant on the theory of partnership by estoppel, which was never pleaded and is opposed to the theory of the petition?" (2) Does the failure of plaintiff to prove its corporate capacity require a reversal? (3) Was the evidence sufficient to sustain a judgment against the defendant Laune?

As to the first question, plaintiff alleged that the defendants, Charles B. Laune and A. A. Owens, were "associated together as a copartnership and doing business under the firm name of Auburn Tire & Battery Company." Defendant Laune by answer denied generally the allegations of plaintiff's petition as to the existence of the partnership and alleged that "he and said A. A. Owens were never associated together as partners at any time or place, or under any name;" that he "never intended to be such partner; that he never held himself out to this plaintiff or to anybody as such partner;" that he never permitted "himself to be identified as a partner;" that "plaintiff had no notice or knowledge from this defendant of any such copartnership * * * that neither was ever given or ever in fact existed;" that plaintiff never made inquiry of this defendant as to such alleged relationship, and that he "never agreed directly or indirectly to pay any part of the claims herein alleged."

Plaintiff filed a general denial for reply to this answer.

It has long been the rule that "A party entitled to an estoppel need not in all cases formally plead the estoppel. If the facts constituting the estoppel are in any way sufficiently pleaded, he is entitled to the benefit of the law

arising therefrom." *City Nat. Bank of Hastings v. Thomas,* 46 Neb. 861, 65 N. W. 895. The case was obviously tried by both parties upon the question whether or not the defendant was estopped to deny that a partnership existed. Defendant requested the court to instruct the jury that, "If you should find by a preponderance of the evidence that the defendant, Charles B. Laune, made such representation to the plaintiff or to other persons which came to the knowledge of the plaintiff that he was a copartner in the business conducted under the firm style and name of the Auburn Tire & Battery Company, then he would be estopped to deny the copartnership provided you further find that the plaintiff relied upon such representation and advanced credit to the Auburn Tire & Battery Company."

"It is a settled rule of this court that it will dispose of a case on the theory on which it was presented to the trial court." *Parker v. Knights Templars & Masons Life Indemnity Co.,* 70 Neb. 268, 97 N. W. 281. "The theory adopted at the trial as to the issues will be followed on appeal." *Norton v. Bankers Fire Ins. Co.,* 115 Neb. 490, 213 N. W. 515.

The assignment of error is not sustained.

As to the second question: Plaintiff alleged its corporate capacity; defendant by its answer denied the allegation. Plaintiff did not offer evidence directly establishing its corporate capacity. It did offer testimony to the effect that defendant Laune had dealt with the plaintiff as a corporation; that he was a party to a consignment agreement with the plaintiff wherein it is recited that plaintiff is "a Delaware corporation;" that he addressed letters to it in its corporate name which contains the word "corporation." A party who contracts with a company and recognizes and deals with it as a corporation is estopped to deny its corporate existence. *Societe Titanor v. Paxton & Vierling Iron Works,* 124 Neb. 570, 247 N. W. 356. See, also, *Retail Merchants Service v. Bauer & Co.,* 125 Neb. 61, 248 N. W. 813, for an exposition of the reason for the rule.

As to the third question: Plaintiff offered evidence that defendant Laune acknowledged his partnership connection

with the business, and that credit to the company was approved in reliance thereon. A report from defendant Laune to Dun and Bradstreet contains the following statement addressed to defendant Laune: "It is claimed, or otherwise reported, that you are a general partner in the firm of Auburn Tire & Battery doing business at Auburn, Neb., and as such general partner liable for all the debts and obligations of the said firm. Please inform us below whether you acknowledge such general partnership." To that inquiry Laune answered, "Yes, the above quotations are correct." Evidence that plaintiff relied upon this and other statements was admitted without objection. Defendant now argues that the answer to the above question of Dun and Bradstreet does not make "consistent sense." Apparently the contention is that the use of the word "quotations" renders the answer inconsistent. Clearly, the language means, "Yes, the above statements are correct." It was so interpreted by the party to whom it was sent. In *Paterson v. Mobile Steel Co.*, 202 Ala. 471, 80 So. 855, the answer to a similar inquiry was, "I acknowledge my connection as above." The statement was held sufficient "to induce a stranger, acting in good faith, to deal with the concern as if appellant was a partner therein." In addition to the above report there is substantial evidence that Laune held himself out to the plaintiff and others as a partner in the Auburn company. He signed the consignment agreement with the plaintiff (wherein the word "copartners" is used), the signature being "Auburn Tire & Battery Co., per A. A. Owens, Chas. Laune." December 10, 1938, he entered into an agreement with Owens whereby he transferred "all his rights, titles and interests" in the Auburn company to Owens, who assumed "any and all obligations" against the company. December 19, 1938, he notified the defendant he had "transferred all my interests" in the Auburn company to Owens and he was sure Owens would take care of his obligations "as per his agreement."

The court instructed the jury that, "Where a person voluntarily and knowingly holds himself out by his language and

acts to the public or third persons as the partner of another, and a third person deals with that other on the faith of an existing partnership, then the person so holding himself out will be liable as a partner to the person so dealing, nothwithstanding there was, in fact, no such partnership."

Defendant Laune's contention that this instruction was not within the issues has been determined. He does not otherwise criticize the instruction. The evidence amply supports the jury's verdict.

Reversible error is not found.

AFFIRMED.