### EUGENE LYNCH *vs.* MAURICE O'DONNELL.

Hampden.    September 24, 1879.    ENDICOTT & LORD, JJ., absent.

If intoxicating liquors are sold under an agreement that the sale shall be at the seller's shop, and the liquors taken by him to a railroad depot to be sent to the purchaser, and the seller, upon receipt of an order by mail, puts up the liquors, marks them with the buyer's name, labels them, and sets them aside with a bill of lading attached to them, with the intent to pass the title in the liquors to the buyer, a jury will be warranted in finding that there was a completed sale of the liquors at the shop of the seller.

CONTRACT on an account annexed for intoxicating liquors sold and delivered.    Answer: 1. A general denial.    2. That the goods were sold in violation of law.    Trial in the Superior Court, before *Putnam*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff contended that he sold the liquors to the defendant on the account of Patrick Bulman, upon the defendant's original promise to pay for them.    The plaintiff, after testifying to a conversation between himself and the defendant, tending to show the promise, proceeded to testify substantially as follows: " The defendant said to me, ' How am I to get the goods? ' I said, ' You can order them, and I will send them.    The sales are to be made at my store.'    He said, ' Will you pay the freight on them?'    I said, ' You will have to pay for the freight, and I will carry them to the freight house for you.' "

It appeared that the plaintiff resided and did business in Springfield, and the defendant resided and did business in Turner's Falls; that the goods in all cases were ordered by mail, and the defendant had no agent in Springfield; that the plaintiff had a license to sell liquors, by wholesale, at his store in Springfield, the license containing in its provisions the statutory conditions required; that the defendant denied the contract and conversation testified to by the plaintiff; that the plaintiff testified that, when the orders came for the goods, he put them up, marked and labelled them, placed them one side, with the bill of lading on the head of the barrels, and the teamster came and took them away to the depot; that the defendant did not pay for the cartage to the depot, and the plaintiff made no charges to the defendant therefor; that the defendant had no actual control of the goods until after such delivery of them to the common carrier by the plaintiff; and that the defendant paid the freight on the goods from Springfield to Turner's Falls. There was no other evidence upon the question of the sale and delivery of the goods than that given by the plaintiff.

The defendant asked the judge to rule as follows: " 1. The liquors having been in fact delivered to the common carrier by the plaintiff, and the freight paid by the consignee, it was an illegal sale, and was made in violation of law and of the conditions of his license. 2. If the jury believe that the plaintiff, by the method of his delivery of the liquors, had a purpose to evade the law and the conditions of his license, and, notwithstanding the statements he may have made to the defendant, intended and expected, at the time of the contract, to deliver the goods at the depot, and in carrying out this purpose and intention he did deliver the goods at the depot to the defendant, then it was an illegal sale."

The judge declined so to rule; but instructed the jury as follows: " Assuming, for the purposes of the trial, that the sale of the liquors must be completed by a delivery on the premises to make it a legal sale, if you find that, at the time the original promise was made, it was a part of the agreement that the sales should be understood as made at the plaintiff's store, and delivered by the plaintiff at the depot for the defendant, and further find that, upon the receipt of the orders, the plaintiff put up the

liquors, marked them with the defendant's name, labelled them, and placed them one side, with the bill of lading attached to them, with the purpose and intent on the part of the plaintiff of passing thereby his title to the liquors to the defendant, and they were delivered to a teamster to take, for the defendant, to the depot, then you may find that there was a completed sale of the liquors on the premises."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*E. H. Lathrop*, for the defendant.

*G. M. Stearns*, for the plaintiff, was not called upon.

BY THE COURT. The instructions given were sufficiently favorable to the defendant. The jury, under those instructions, have found that by the agreement and understanding of the parties the sale was complete at the plaintiff's shop. This finding renders all questions as to the subsequent delivery to the carrier immaterial.                                  *Exceptions overruled.*