# Edson *v.* Magee, Appellant.

*Contract—Sale—Rescission—Damages.*

1. Where a vendor of butter sets it apart in his cold storage rooms, and delivers a storage receipt to the vendee who is to withdraw the butter from time to time as his trade demands, the title to the butter when it is set apart in the storage room passes to the vendee, and a mere threat subsequently made by the vendor to cancel the contract, not carried into effect, is not a rescission, and the vendee cannot repudiate the contract by returning the storage receipt if the vendor does not assent to the repudiation; nor does delay by the vendor in enforcing his claim for the purchase money affect the right of action under the contract.

2. In such a case where the vendor after waiting for several months for payment sells the butter in good faith and in the exercise of sound judgment, he is entitled to recover from the vendee the contract price with interest and storage charges less the amount received on the sale. The measure of damages is not the difference between the contract price and the market value of the butter at the time of the vendee's attempted repudiation of the contract.

Argued Dec. 15, 1909. Appeal, No. 205, Oct. T., 1909, by defendants, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1905, No. 2,291, on verdict for plaintiffs, in case of William D. Edson and Joseph S. McCullouch, trading as Edson Brothers, v. Horace L. Magee et al., trading as Magee Brothers. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before RALSTON, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $1,120.64. Defendants appealed.

*Errors assigned* were (1–22) various rulings on evidence and instructions.

*William A. Glasgow, Jr.,* with him *John H. Hall* and *Pennell C. Evans,* for appellants.—A contract may be

rescinded by the parties, whose intention to rescind may be inferred from their actions: Seanor v. McLaughlin, 165 Pa. 150; Steen v. Harris, 81 Ga. 681 (8 S. E. Repr. 206); Bryant v. Thesing, 46 Neb. 244 (64 N. W. Repr. 967).

A failure to make a part payment is of the essence of a contract, so as to enable the other party to rescind: Rugg v. Moore, 110 Pa. 236; Reybold v. Voorhees, 30 Pa. 116; McGrath v. Gegner, 77 Md. 331 (26 Atl. Repr. 502); Dwinel v. Howard, 30 Me. 258.

The measure of damages for failure of a vendee to receive and pay for goods, is the difference between the contract price of such goods and their market value at the time of the breach: Girard v. Taggart, 5 S. & R. 19; Andrews v. Hoover, 8 Watts, 239; Corser v. Hale, 149 Pa. 274; Blair v. Ford China Co., 26 Pa. Superior Ct. 374; Schnebly v. Shurtcliff, 7 Phila. 236; Gannon v. Baker, 14 Pa. Dist. Rep. 716; McCombs v. McKennan, 2 W. & S. 216; Cunningham v. Welsh, 1 W. N. C. 315; Hooper, Seving & Co. v. Bromley Bros. Carpet Co., 11 Pa. Superior Ct. 634; Pickering v. Bardwell, 21 Wis. 562.

*J. H. Shoemaker*, for appellees.—The contract was not rescinded: Foster v. Berg, 104 Pa. 324; Royal Ins. Co. v. Beatty, 119 Pa. 6.

The defendants' failure to make payment on July 21 of the amount which they were then to have paid, gave the plaintiffs no right to rescind the contract. Default in payment after goods have become the property of the vendee does not give the vendor the right to rescind unless the right is reserved in the contract: Rugg v. Moore, 110 Pa. 236; Unexcelled Fire Works Co. v. Polites, 130 Pa. 536; Filby v. Miller, 25 Pa. 264; Martindale v. Smith, 1 A. & E. Enc. of Law (N. S.), 389; Robinson v. Pogue, 86 Ala. 257 (5 So. Repr. 685); Greaves v. Ashlin, 3 Campbell, 426.

The prices realized from the resales of the butter, it is submitted, were admissible as evidence for the plaintiffs: Ballentine v. Robinson, 46 Pa. 177; Schnebly v. Shurt-

cliff, 7 Phila. 236; Dustan v. McAndrew, 44 N. Y. 72; Delaplaine v. Ammonia Co., 2 Pa. Superior Ct. 555.

OPINION BY HENDERSON, J., July 20, 1910:

There is no dispute in regard to the terms of the contract between the plaintiffs and the defendants. The evidence shows a sale of 500 boxes of June butter for $5,750. The boxes were in the plaintiffs' warehouse and were set apart and put in one of their cold storage rooms in accordance with the contract, the defendants to withdraw butter from time to time as their trade demanded. At the same time a storage receipt was given by the plaintiffs and accepted by the defendants in which the butter was described as "Lot 5216" in the storage room at 263 South Second street. When the butter was thus set apart and the storage receipt accepted by the defendants the title passed to the latter and the transaction was in effect a delivery of the butter subject to the lien of the vendor for the price and for storage charges. The appropriation by the vendor was equivalent to a delivery to the vendee and the assent of the vendee to take the property as shown by the acceptance of the warehouse receipt was equivalent to taking possession: 3 Sutherland on Damages, sec. 644. The defense to the action is that the plaintiffs rescinded the contract. This claim of rescission is based on a letter from the plaintiffs dated August 21, 1905, in which they called for a settlement for the butter. The letter contained this statement: "If we do not hear from you by Wednesday we shall cancel the charge." On the twenty-ninth of the same month the plaintiffs wrote to the defendants stating that they were waiting for an answer to their letter of the twenty-first relative to the amount due on the contract and urging the defendants to send a check by return mail. No reply was made to either of these letters and on September 18, 1905, a third letter was sent by the plaintiffs requesting the defendants to state whether they intended to make settlement of the bill. On the following day the defendants wrote to the plaintiffs stat-

ing that they had decided not to handle the butter and with that letter they returned the warehouse receipt. On the twenty-first of that month the plaintiffs replied declining to accept the receipt and insisting on the payment of their bill. The proposal in the plaintiffs' letter of August 21, to "cancel the charge" if the defendants did not settle within the time named was not a rescission of the contract. It was a threat merely or the expression of an intention to act in the future; but it was not within their power to rescind the contract if they intended to do so, for the title was then in the defendants and without their consent the plaintiffs clearly had no authority to set aside the contract: Unexcelled Fire-Works Co. v. Polites, 130 Pa. 536; Martindale v. Smith, 1 A. & E. (N. S.) 389. The mere silence of the defendants did not amount to assent for they owed no duty to the plaintiffs to speak. The plaintiffs could not talk away their title nor by a threat deprive them of that which the contract had already given them. Moreover, on August 29, the plaintiffs wrote to the defendants calling the attention of the latter to their bill and urged them to send a check by return mail. This was notice to them that whatever may have been the intention of the plaintiffs as expressed in the letter of August 21, they had not undertaken to rescind the contract and they had not released the defendants from their liability. Nor did the default of the vendees in making payment reinvest the title in the plaintiffs. Their right was one of lien but not a right to rescind the bargain. Nor was the act of the defendants at a later date in returning the warehouse receipt a rescission, for the plaintiffs did not assent thereto. It was a repudiation of the contract and rendered them liable to the plaintiffs for the price agreed to be paid. The subject of the sale was a specific article. The contract had been so far completed as to place the title to the thing sold in the defendants. The plaintiffs had done all they were bound to do and there is nothing in the facts to prevent them from recovering the price agreed on: Ballentine v. Robinson, 46 Pa. 177. Time is

not ordinarily of the essence of the contract in a sale of personal property and mere delay in enforcing the claim does not affect the right of action. It is further contended that if the contract was not rescinded the court was in error in instructing the jury to return a verdict for the contract price of the butter with interest, storage charges, etc., less the amount received on the sale of the butter by the plaintiffs, for the reason that the defendants' liability is to be determined by the difference between the contract price and the value of the butter at the time the contract was repudiated on September 19. The proposition which the appellants support by argument and authorities is that the measure of damages for failure of a vendee to receive and pay for goods is the difference between the contract price and the market value at the time of the breach. But this is not an action to recover damages growing out of the refusal of a vendee to accept the goods contracted for. The defendants' contract was obligatory; the goods were in their constructive possession and under their control; they held the receipt of the plaintiffs for their storage and safe-keeping and the plaintiffs' relation to the property was that of vendors with a lien for payment of the price. If there had been no delivery the vendors might have considered the property as their own after the breach of the contract by the defendants and have proceeded for damages for such breach, but they did not do this, nor in view of the manner in which the contract was executed by the plaintiffs could they have done so. Two courses were open to them: they could sell the property in a reasonable manner to satisfy the lien and then sue to recover for the unpaid balance, or they could have held the property in storage under the contract of bailment subject to the defendants' order and then sued to recover the whole price called for by the contract of sale; Sands v. Taylor, 5 Johns. 395; McCombs v. McKennan, 2 W. & S. 216; 3 Parsons on Contracts, ch. 8, sec. 6; Dustan v. McAndrew, 44 N. Y. 72; Ballentine v. Robinson, 46 Pa. 177; Tiffany on Sales, 226. The sale

must be fairly made and within a reasonable time. The market value on the day when the defendants refused to pay is not material in this view of the case. The question involved in this connection is the duty of the vendors with respect to the enforcement of their lien, and there is nothing in the testimony to show that they did not act in good faith and with reasonable discretion and sound judgment in disposing of the property. They were familiar with the state of the butter market and were entitled to the exercise of their own discretion in disposing of the property provided that they exercised reasonable diligence: Delaplaine v. Ammonia Co., 2 Pa. Superior Ct. 555; Dustan v. McAndrew, 44 N. Y. 72; McCombs v. McKennan, 2 W. & S. 216. There was evidence not contradicted that the butter could not have been sold to better advantage at an earlier time, and the court instructed the jury to determine whether the delay in selling was reasonable under the circumstances of the market and the verdict was in favor of the plaintiffs on that point. As there was no evidence to show want of good faith or that the sales of butter by the plaintiffs were not advantageous to the defendants there is no foundation which will support the appellants' argument on this point. The offer of the market report was properly rejected. It appeared that the reports of September sales related to fresh butter and that which the defendants bought was of a different quality, known in the market as "June butter." The price of one kind would not establish the value of the other and for this reason the reports were not competent if otherwise unobjectionable. The charge of the court presented the questions of fact to the jury clearly and concisely, and we do not find grounds for reversal in the charge or in the answers to the points.

The judgment is affirmed.