# Steiner *v.* Turner, Appellant.

*Contract—Sale—Delivery—Possession—Specific kind of goods.*

1. Where a vendor appropriates to the vendee a specific chattel and the latter agrees to take it and to pay the price named, the parties occupy the same situation as they would after a delivery of goods in pursuance of the contract. The appropriation of the property is equivalent to delivery by the vendor and the assent of the vendee to take it and pay the price is equivalent to his accepting possession. The effect of the contract, therefore, is to vest the property in the purchaser.

2. Where a seller manufactures a particular band to be used on a special brand of cigars, and sets the bands apart for the purchaser, the bands not being valuable for any other purpose, the title vests in the purchaser; and if thereafter, the purchaser gives orders as to the transportation of the goods, and the seller makes a mistake in carrying out the order, the purchaser cannot set up the mistake to defeat the plaintiff's action for the price of the bands, where the loss caused by the mistake is not set up by way of diminution of price or claim of set-off.

*Affidavit of defense—Supplemental affidavit—Practice, C. P.*

3. An order of the common pleas refusing to open a judgment entered for want of a sufficient affidavit of defense, and permit the defendant to file a supplemental affidavit, is within the sound discretion of the

court, and will not be reversed by the appellate court in the absence of proof that such discretion was abused.

Argued Oct. 11, 1910. Appeal, No. 46, Oct. T., 1910, by defendant, from order of C. P. No. 1, Phila. Co., June Term, 1909, No. 645, making absolute rule for judgment and discharging rule to open a judgment, etc., in case of Henry Steiner et al., trading as William Steiner Sons & Company, v. C. S. Turner, trading as C. S. Turner & Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

Rule to strike off judgment and to permit defendant to file a supplemental affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in making absolute rule for judgment and in discharging rule to open judgment, etc.

*Frederick A. Sobernheimer*, with him *Ellwood J. Turner*, for appellant.—A contract to sell and deliver goods at a certain place gives no cause of action unless there be a delivery at the place agreed on: Millard v. Morse, 32 Pa. 506; Norris v. Clark, 29 Pa. Superior Ct. 562; Miller v. Seaman, 176 Pa. 291; Dougherty v. Haggerty, 96 Pa. 515; Rowland v. Coal & Nav. Co., 28 Pa. 215.

*J. S. Levin*, with him *Arthur S. Arnold*, for appellees.— The plaintiffs claim that title to the bands passed to the defendant in July: Ballentine v. Robinson, 46 Pa. 177; Pittsburg Glass Co. v. Doubleday, 2 Pa. Superior Ct. 170; Trenton Rubber Co. v. Small, 3 Pa. Superior Ct. 8; Com. v. Hess, 148 Pa. 98; Henderson v. Jennings, 228 Pa. 188.

OPINION BY HENDERSON, J., March 3, 1911:

The appellant presents two questions for our consideration. The first relates to the sufficiency of the affidavit

of defense and the second, to the refusal of the court to open the judgment entered for want of a sufficient affidavit of defense and permit the defendant to file a supplemental affidavit. The action grows out of an order given by the defendant to the plaintiffs to manufacture 500,000 cigar bands of a special kind used by the defendant in the manufacture of cigars. The real question in the case is, Where was the place of delivery of the property under the contract? That the bands were manufactured in New York and set apart for the defendant's use is not disputed. A part of the order was also received and used by the defendant. The affidavit of defense was prepared on the assumption that the place of delivery was Boyertown in Pennsylvania, but it does not appear from the statement of claim nor from the affidavit that this was a part of the agreement under which the bands were made, and exhibits "A" and "B" of the plaintiff's statement together with the affidavit show that the arrangement in regard to the shipment to Boyertown was made long after the contract and after the order had been filled. The defendant's letter, exhibit "H," attached to the affidavit of defense, shows that he claimed that the goods were to be delivered at "our Boyertown factory" but this is not stated to have been the agreement under which the bands were manufactured. The order was for a special article to be manufactured for use on a particular brand of cigars. The bands were not valuable for any other purpose. When they were made and were ready for shipment to the defendant they became his property as between him and the plaintiffs there being no question in the case as to the rights of other parties. It was declared in Dixon v. Yates, 5 B. & Ad. 313, that where a vendor appropriates to the vendee a specific chattel and the latter agrees to take it and to pay the price named the parties occupy the same situation as they would after a delivery of goods in pursuance of the contract. The appropriation of the property is equivalent to delivery by the vendor and the assent of the vendee to

take it and pay the price is equivalent to his accepting possession. The effect of the contract, therefore, is to vest the property in the purchaser. This decision has been accepted as authority by text-book writers and by the courts of this state: Burdick on Sales (2d ed.), 146; 1 Benj. on Sales, sec. 315; 2 Pars. on Contracts, (5th ed.) 483; Com. v. Hess, 148 Pa. 98; Henderson v. Jennings, 228 Pa. 188; Pittsburg Glass Co. v. Doubleday, 2 Pa. Superior Ct. 170. Where the seller manufactures the goods and sets them apart subject to the order of the buyer he has complied with all he was under obligation to do in the absence of a special undertaking as part of the contract to do something more. Right to the property passes to the buyer and the seller's right to the price is complete. Under such circumstances the act of the seller in putting the goods in course of transportaion is as a bailee and not as owner: Lynch v. O'Donnell, 127 Mass. 311; Terry v. Wheeler, 25 N. Y. 520; Com. v. Hess, 148 Pa. 98. The title is not changed by such act. The right of property was in the consignee before. The undertaking of the plaintiff to ship in accordance with the defendant's instructions was not a part of the contract of sale and the defendant cannot set up the mistake made in shipping directly to him at Philadelphia instead of to Boyertown to defeat the plaintiff's action for the goods were manufactured according to the contract and belonged to the defendant at the time they were shipped. What his redress may be for the mistake we are not called upon to consider for that is not set up by way of diminution of price or claim of set-off. That he had notice of the consignment of the goods to him in Philadelphia appears from the correspondence set forth with the statement and affidavit and the plaintiff's offer to bear the expense of a change of the destination to Boyertown relieves the case of any hardship to the defendant as it is not alleged that time was of the essence of the contract.

The second branch of the case is not supported by convincing reasons for reversing the action of the court

below.   The defendant had an opportunity to file his affidavit of defense and additional affidavits if necessary before the hearing on the rule.   After the argument and after judgment the question of a reopening of the case was a matter for the discretion of the court.   There is nothing presented which convinces us that the discretion was unwisely exercised.

The judgment is affirmed.