# Monticello Distilling Company *v.* Dannenhauer, Appellant.

*Contract—Sale—Warehouse receipts—Delivery—Promissory notes—Defenses—Whisky in bond.*

Where a person purchases ten barrels of whisky "in bond" from a distilling company and receives warehouse receipts therefor, and gives his promissory notes for the purchase money, but never pays the United States tax and charges, or takes the whisky from the bonded warehouse, he cannot, in an action against him on the notes by the distilling company, set up as a defense, that the whisky had never been delivered to him.

Argued Oct. 14, 1910. Appeal, No. 120, Oct. T., 1910, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1909, No. 1324, on verdict for plaintiff in case of Monticello Distilling Company v. Charles F. Dannenhauer. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on promissory notes. Before WILTBANK, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $208.77. Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*Henry A. Hoefler*, for appellant, cited: Sloan v. Johnson, 20 Pa. Superior Ct. 643; Bronson v. Silverman, 77 Pa. 94; Kessler v. Perrong, 22 Pa. Superior Ct. 578; State v. Bryant, 63 Md. 66; Washington County Nat. Bank v. Motter, 97 Md. 545 (55 Atl. Repr. 313); Rosenham v. Batjer, 154 Pa. 544.

*Max Herzberg*, for appellee, cited: Kessler v. Connor, 32 Pa. Superior Ct. 145; Owens v. Wehrle, 14 Pa. Superior Ct. 536; Erie Forge Co. v. Iron Works Co., 22 Pa. Superior

Ct. 550; Harlan v. Harlan, 20 Pa. 303; Weiss v. Swift & Co., 36 Pa. Superior Ct. 376; Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361.

OPINION BY HENDERSON, J., April 17, 1911:

Both of the assignments of error go to the refusal of the court to enter judgment for the defendant non obstante veredicto. The appellant has the affirmative of the proposition, therefore, that the evidence did not warrant the submission of the case to the jury. The action was on three promissory notes given by the defendant to the plaintiff. The execution of the notes was admitted and when they were offered in evidence a prima facie case was made out for the plaintiff. The defense was that the notes were given as part of the consideration for ten barrels of whisky bought by the defendant from the plaintiff, delivery of which was not made by the plaintiff, as a consequence of which the consideration for the notes failed. The evidence introduced by the defendant shows that the transaction was this: The plaintiff is a distilling company doing business at Baltimore; it had in its bonded warehouse a quantity of whisky, ten barrels of which the defendant bought, the evidence of such purchase being a bill of sale from the plaintiff to the defendant and an acknowledgment in writing by the latter that he had purchased the whisky. The contract shows that the sale was at ninety-five cents per gallon "in bond" and in execution of the contract the plaintiff delivered to the defendant two United States internal revenue bonded warehouse receipts numbered 5236 and 5237 Warehouse G for five barrels of whisky each. These barrels were identified by their serial numbers, by the warehouse numbers and by the brand of the United States gauger. The whisky was deliverable only on the return of the warehouse receipts and on the written order of the holder thereof and on payment of the United States government tax with storage at the rate of eight cents per barrel per month from the date of purchase. These receipts were accepted

by the defendant at the time of the purchase and are still retained by him. He never made any demand for the whisky, never paid the United States tax due thereon and never offered to return the receipts. His defense seems to be that the contract was a Maryland contract, that the warehouse receipts are not negotiable under the laws of that state and that, therefore, the property did not pass by the purchase. On the facts as presented, however, we do not regard it as material whether the contract was completed in Pennsylvania or in Maryland or whether the warehouse receipts are negotiable, for the defendant got just what he contracted for. He knew that there could only be an actual delivery of the merchandise when the internal revenue tax was paid, and it was undoubtedly his understanding that it was not to be delivered to him in any other way than that accomplished by the delivery of the warehouse receipts. The agreement expressly stipulated that the sale was made subject to the payment by the purchaser of the government tax, and the supervisory control of the United States revenue authorities was thus recognized in the contract. The defendant does not claim that actual possession of the property by him was contemplated at the time or desired. It was his privilege to have the whisky remain in storage and thereby postpone the payment of the tax until such time as he desired to resell the property, and if the plaintiff did all which it undertook to do in delivering to the defendant the storage receipts the latter obtained a constructive delivery and the title vested in him. The sale was of a specific lot of whisky clearly identified, not susceptible of actual delivery because the purchaser was not then ready to pay the government tax. But when it was identified and set apart to the defendant by the delivery to him of the warehouse receipts he acquired a title to the property as against the plaintiff. If the receipts are not negotiable under the Maryland statute they have the effect of a bill of sale and passed the plaintiff's title. No question of the rights of third parties is involved in the case. If a creditor of

the plaintiff had seized the property in the bonded warehouse or if the company had become insolvent and its assets had passed into the hands of a receiver or assignee a different question might arise but we will not consider that. A case is best tried after the cause of action has arisen. Our cases hold that property in the whisky was transferred to the defendant by the delivery of the warehouse receipts: Com. v. Hess, 148 Pa. 98; Kessler v. Perrong, 22 Pa. Superior Ct. 578; Edson v. Magee, 43 Pa. Superior Ct. 297; Steiner v. Turner, 45 Pa. Superior Ct. 225. Nor, assuming that the contract was completed in Maryland, was it made to appear that a different rule prevails in that state. Indeed, the Maryland authorities cited by the appellant (State v. Bryant, 63 Md. 66, and Washington County Nat. Bank v. Motter, 97 Md. 545) are in harmony with the Pennsylvania decisions where the controversy is between the original parties to the contract. We do not find any warrant in the evidence for the argument that the plaintiff was to deliver to the defendant negotiable warehouse receipts, nor in the law any support for the conclusion that if the receipts are not negotiable the defendant did not get the property. To bring about an actual delivery it was the duty of the defendant to present his warehouse receipts and pay the taxes and charges against the property. He cannot take advantage of his omission so to do as a defense against his obligation assumed in the delivery of the notes.

The judgment is affirmed.