## Minkin *v.* Fischer, Appellant.

*Contracts—Sales—Delivery—Passing of title.*

Where a contract in writing for the purchase of iron scrap provides for a price f. o. b. yards, the defendant to commence removing the iron on or before a certain day, and for cash payment; and the defendant fails to perform his part of the contract, the plaintiff acts within his rights if he sells the scrap in the open market and seeks to recover from the defendant the difference between the price obtained, and the price quoted in the contract.

*Contracts—Sales—Rights of seller.*

Where the seller retains his lien of possession and the buyer fails to comply with the terms of the contract, the seller has the right to recover from the defendant the difference between the market value of the goods at the time of the breach and the price which the defendant had agreed to pay, or can give effect to his lien by selling the property, making a reasonable effort to secure the best price, and can proceed against the defendant to recover for any resulting deficiency. Nor is it material whether the contract be held to be executory or executed.

Argued November 11, 1918. Appeal, No. 5, October T., 1918, by defendant, from judgment of C. P. Lycoming County, June T., 1916, No. 283, on verdict for plaintiff in case of Wolf Minkin v. Abraham Fischer, trading as Keystone Iron and Metal Company. Before ORLADY,

P. J., PORTER, HENDERSON, HEAD, KEPHART and WIL-
LIAMS, JJ.  Affirmed.

Assumpsit on written contract.  Before WHITEHEAD,
P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict and judgment for plaintiff for $296.26.  De-
fendant appealed.

*Error assigned,* among others, was refusal of defend-
ant's motion for judgment n. o. v.

*Mortimer C. Rhone,* for appellant.

*W. H. Spencer,* for appellee.

OPINION BY PORTER, J., July 17, 1919:

The parties, on January 5, 1916, entered into an agree-
ment for the sale by the plaintiff to the defendant of all
the scrap iron in two yards, at the price of 57½ cents
per 100 lbs. f. o. b. yards, the iron to be weighed on
wagon scales, and the plaintiff to pay for weighing; the
defendant to commence removing the iron on or before
the 12th day of the same month, and to pay for the iron
as each car was billed out.  Defendant did take one car-
load of the iron on the 12th of January but failed to take
any steps to remove the remainder.  The plaintiff, on
February 12, 1916, wrote to the defendant notifying
him that unless the iron was removed on or before the
21st day of February, he, the plaintiff, would sell the
same and hold the defendant for any loss he might sus-
tain.  The defendant admitted that he had received this
letter, that he had not answered it, and that he made no
effort to remove the iron or to explain to the plaintiff the
causes of his failure.

The plaintiff, on February 26, 1916, sold the iron to
other parties and brought this action to recover the dif-

ference between the price which he received and that which the defendant had agreed to pay. The court below held that under the terms of the contract the defendant was required to remove the iron within a reasonable time, and submitted to the jury the following questions: (1) Did the defendant proceed to remove the iron within a reasonable time after he was notified by the plaintiff to do so? (2) Did the plaintiff act in good faith and sell the iron at a reasonable time and for the best prices then obtainable? And (3) What was the difference between the price thus realized and that which the defendant had agreed to pay? The plaintiff recovered in the court below and the defendant appeals.

The appellant contends that under the contract of January 5, 1916, "the title to the iron passed to the defendant and if the defendant did not within a reasonable time after January 12th, 1916, remove and pay for all the iron, the plaintiff's remedy therefore was by a suit for the balance of the selling price fixed by the contract." Upon this theory as to the rights of the plaintiff it is argued on behalf of the defendant that, the plaintiff having sold the iron to another, he cannot recover in this action. In short, his contention is that the plaintiff had no right to sell the iron, after the default of the defendant, and then recover from this defendant the amount of the loss occasioned by his breach of the contract. This contention is not well founded, no matter whether the contract be held to be an executory contract or an executed one. If the contract was executory, providing for something to be done by the parties in the future, then the finding of the jury establishes that this defendant had broken that contract. The plaintiff would have the right to recover of the defendant the difference between the market value of the goods at the time of the breach and the price which this defendant had agreed to pay, and there was no suggestion at the trial that the price for which the plaintiff had sold the goods was not the full market value thereof. If, on the other hand, the contract

32, (1919).]          Opinion of the Court.

be held to be an executed one, which vested the title to the iron in the defendant, it is clear that under the provisions of the contract the defendant was required to pay cash for the property as he took each carload away. The plaintiff retained possession as the means of enforcing his lien for the purchase money. Assuming this to be an executed contract, as contended by the appellant, the sale being for cash, when the defendant made default, the plaintiff was at liberty to proceed against the defendant for the full contract price of the iron, or, at his election, to give effect to his lien for the purchase money by selling the property, making reasonable effort to procure the best price, and proceed against the defendant to recover for any resulting deficiency: Ballentine v. Robinson, 46 Pa. 177; Edson v. Magee, 43 Pa. Superior Ct. 297. The assignments of error in this case refer only to the refusal of the court to affirm points submitted by the defendant asking for binding instructions, and the refusal of the court to enter judgment in favor of the defendant non obstante veredicto; none of them raise any question as to the amount which the plaintiff was permitted to recover if he was entitled to have his case submitted to the jury. The assignments of error are overruled.

The judgment is affirmed.